STATE OF CONNECTICUT *v.* FLOYD SIMMS
(5836)

BORDEN, SPALLONE and NORCOTT, Js.

Argued February 2—decision released April 5, 1988

1

*Suzanne Zitser,* assistant public defender, with whom, on the brief, ·was *Joette Katz,* public defender, for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, with whom, on the brief, were *Herbert Appleton,* assistant state's attorney, and *Brett Dellalla,* legal intern, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, after a jury trial, of accessory to commit assault of a victim sixty or older in the first degree, General Statutes §§ 53a-59a, 53a-59 (a) (3), 53a-8; and robbery in the second degree, General Statutes § 53a-135 (a) (1).

There was ample evidence produced at the trial from which the jury could reasonably have found the following facts: While kneeling and praying inside Saint Joseph's Cathederal in Hartford, William McGee, ninety years of age, was assaulted and robbed by the defendant. During the time McGee was engaged in prayer, the defendant, along with two companions, Daniel Jones and Wayne Mohagle, entered the church. While his companions lingered at the entrance, the defendant approached the victim, grabbed him around the neck, shoved him under the pew and attempted to kick him. The defendant then extracted eleven or twelve dollars from the victim's pockets. As McGee attempted to leave the church, either Jones or Mohagle hit him on the head, thereby causing the most serious injuries. As a result of this attack, McGee was hospitalized for approximately one month.

During the defendant's trial, Jones testified that it was he who had assaulted and robbed McGee and that

neither the defendant nor Mohagle had participated in the crime. Jones had previously pleaded guilty, under the *Alford* doctrine,[1] to charges stemming from the incident at the church. For purposes of impeachment, the trial court permitted the state to introduce a partial transcript of Jones' *Alford* plea canvass into evidence. The state contended, and the court agreed, that Jones' statements made during his *Alford* plea, in which he denied culpability, were inconsistent with his trial testimony where he assumed the sole onus for the crime and exonerated the two other participants.

The only issue presented to us is whether the trial court erred in admitting the transcript of Jones' *Alford* plea as a prior statement inconsistent with his trial testimony. The defendant argues that an *Alford* plea, by its very nature, does not constitute a denial or admission of the facts upon which the charge is based and, therefore, as a matter of law, it cannot be found to be inconsistent with testimony concerning these facts. We disagree, and hold that the admission of the statements made during the prior *Alford* plea was not erroneous.

The defendant's reliance upon his assertion that an *Alford* plea neither admits nor denies the facts on which the charge is based is misplaced. There is no doubt that, in general, an *Alford* plea, may be construed as a protestation of innocence. No such construction is necessary, however, for the trial court to find that the prior proceedings contained statements inconsistent to the witness' present trial testimony. The court is concerned with whether statements made by the witness on a prior occasion are inconsistent with those made by him during the later proceedings. The fact that the prior

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (accused may plead guilty without admitting or denying participation in the crime and while actually protesting his innocence, if he intelligently concludes that his interest so requires and there is strong evidence of his guilt).

statements were made during an *Alford* plea is not the controlling factor as to admissibility. The court must look to the statements themselves and conclude whether such statements are, in fact, inconsistent with the witness' present assertions.

In this case, the court expressly stated: "[T]he court having read the transcript of the plea of the witness, Daniel Jones, finds that his present memory is different than that during the plea canvass and it is inconsistent with the testimony inasmuch as the plea canvass indicates that he took the *Alford* plea and was canvassed as to what actually happened on April 8, 1982, and he acknowledged not only that he knew that these were the allegations, but continued to the effect that even though they fulfilled the statute of robbery in the first degree, he did not commit the robbery but felt the evidence was overwhelming. The court finds that it is an inconsistent statement that he now recalls that he and he alone committed the robbery."

The determination of inconsistency is a matter for the trial court. *State* v. *Piskorski,* 177 Conn. 677, 710–11, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *State* v. *Reed,* 174 Conn. 287, 302–303, 386 A.2d 243 (1978); see also *State* v. *Villafane,* 171 Conn. 644, 671–72, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558 (1977). The court's ruling on the admissibility of prior inconsistent statements, like all of its rulings on the admissibility of evidence, is accorded great deference. *State* v. *Boucino,* 199 Conn. 207, 225, 506 A.2d 125 (1986). " 'Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made.' *Ridgeway* v. *Ridgeway,* [180 Conn. 533, 538, 429 A.2d 801 (1980)]." *State* v. *Beckenbach,* 198 Conn. 43, 47, 501 A.2d 752 (1985).

Furthermore, the admissibility of prior inconsistent statements is "not limited to cases in which diametri-

cally opposed assertions have been made." *State* v. *Whelan,* 200 Conn. 743, 749 n.4, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986). The standard is consistency in effect rather than contradiction in express terms. Id., 748 n.4. "In determining whether an inconsistency exists, the testimony of a witness as a whole, or the whole impression or effect of what has been said, must be examined." Id., citing *State* v. *Piskorski,* supra, 710. Inconsistencies may be shown not only by contradictory statements but also by omissions, changes in position and denials of recollection. *State* v. *Whelan,* supra, 748 n.4; *State* v. *Reed,* supra, 303; *State* v. *Chesney,* 166 Conn. 630, 636, 353 A.2d 783, cert. denied, 419 U.S. 1004, 95 S. Ct. 324, 42 L. Ed. 2d 280 (1974).

In addition, the court correctly cautioned the jury by limiting their consideration of the witness' prior inconsistent statements to the issue of the witness' credibility. The credibility of a witness may be attacked by his prior inconsistent statements. *State* v. *Whelan,* supra, 749; *State* v. *Reed,* supra, 302. "The purpose of impeachment is to undermine the credibility of a witness so that the trier will disbelieve him and disregard his testimony." *State* v. *Maldonado,* 193 Conn. 350, 362, 478 A.2d 581 (1984).

Our examination of the record and transcripts clearly indicates that the trial court properly concluded that the statements and the posture assumed by the witness during his *Alford* plea were inconsistent with his trial testimony and that the court's admission of the *Alford* plea transcript for the jury's consideration as to the issue of the witness' credibility fully conformed with the applicable law.

There is no error.

In this opinion the other judges concurred.