## STATE OF CONNECTICUT *v.* FLOYD SIMMS
## (13429)

PETERS, C. J., HEALEY, CALLAHAN, COVELLO and SANTANIELLO,Js.

Argued December 14, 1988—decision released April 25, 1989

1

*Suzanne Zitser,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, with whom, on the brief, was *Herbert Appleton,* assistant state's attorney, for the appellee (state).

SANTANIELLO, J. The defendant was found guilty of the crimes of accessory to assault of a person sixty or older in the first degree in violation of General Statutes §§ 53a-59 (a) (3), 53a-59a and 53a-8, and robbery in the second degree in violation of General Statutes § 53a-135 (a) (1). On appeal to the Appellate Court, he claimed that the trial court erred in admitting the transcript of the *Alford* plea canvass of Daniel Jones, an alleged coparticipant in the original crime, as a prior statement inconsistent with Jones's trial testimony. The Appellate Court concluded that the trial court had properly determined that the statements and the posture assumed by the witness during his *Alford* plea were inconsistent with his trial testimony and that the court's admission of the *Alford* plea transcript for the jury's consideration as to the issue of the witness's credibility fully conformed with applicable law.

This court granted the defendant's petition for certification on May 5, 1988, limited to the sole issue: "Did the Appellate Court correctly conclude that the transcript of Daniel Jones' *Alford* plea was admissible as a prior statement inconsistent with the trial testimony in this case?"

The facts that the jury could reasonably have found are set forth in *State* v. *Simms,* 14 Conn. App. 1, 539 A.2d 601 (1988). We summarize those facts pertinent

to the issue on this appeal: While kneeling and praying inside Saint Joseph's Cathederal in Hartford, William McGee, ninety years of age, was assaulted and robbed by the defendant. During the time McGee was engaged in prayer, the defendant, along with two companions, Daniel Jones and Wayne Mohagle, entered the church. While his companions lingered at the entrance, the defendant approached the victim, grabbed him around the neck, shoved him under a pew and attempted to kick him. The defendant then extracted eleven or twelve dollars from the victim's pockets. As McGee attempted to leave the church, either Jones or Mohagle hit him on the head, thereby causing his most serious injuries. As a result of this attack, McGee was hospitalized for approximately one month.

During the defendant's trial, Jones testifed that it was he who had assaulted and robbed McGee and that neither the defendant nor Mohagle had participated in the crime. Jones had previously pleaded guilty, under the *Alford* doctrine, to charges stemming from the incident at the church. For purposes of impeachment, the trial court permitted the state to introduce a partial transcript of Jones's *Alford* plea canvass into evidence. The state contended, and the court agreed, that Jones's statements made during his *Alford* plea, in which he denied culpability, were inconsistent with his trial testimony in which he assumed the sole onus for the crime and exonerated the two other participants.

As a preliminary matter, we recognize that a defendant in a criminal case may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the act constituting the crime. *North Carolina* v. *Alford,* 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State* v. *Watson,* 198 Conn. 598, 601 n.3, 504 A.2d 497 (1986); *Blue* v. *Robinson,* 173 Conn. 360, 378, 377 A.2d 1108 (1977). A defendant who

pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea. *State* v. *James,* 197 Conn. 358, 359 n.1, 497 A.2d 402 (1985); *State* v. *Palmer,* 196 Conn. 157, 169 n.3, 491 A.2d 1075 (1985).

The defendant argues that Jones's plea on May 6, 1983, to the charge of robbery in the first degree involving William McGee, unlike his guilty pleas to two unrelated charges, was a "pure *Alford* plea," a plea that offered no statements beyond the plea itself. The defendant does not deny that any factual admissions or denials made by an individual during an *Alford* plea proceeding may be used in a subsequent proceeding to attack the credibility of that individual whose subsequent testimony is inconsistent with those admissions or denials. The defendant argues, however, that Jones's plea to robbery in the first degree contained no statements that could be construed as inconsistent with his testimony at the defendant's trial that he alone committed the crime. The defendant claims that the Appellate Court decision is an erroneous application of the *Alford* doctrine, for it transforms the *Alford* plea itself into a statement by Jones that is equivalent to a denial or protestation of innocence. The defendant further claims that the Appellate Court failed to review the full transcript of Jones's plea proceeding, a failure that resulted in the erroneous conclusion that the plea transcript contained a statement by Jones that was inconsistent with his testimony at the defendant's trial. We disagree.

The record and transcripts indicate that at the time of the defendant's trial, Jones testified that he alone committed the robbery and that his recollection at the time of trial differed from what it had been at the time of his *Alford* plea. At the time of his *Alford* plea, Jones was canvassed as to his understanding of the elements

of the crime of robbery in the first degree, the maximum and minimum penalties for that crime, and the evidence that the state would use against him. Jones acknowledged that his plea under the *Alford* doctrine was in response to the overwhelming evidence that the state had against him and, through his attorney, stated that he did not "admit any culpability whatsoever."[1]

We agree with the Appellate Court's analysis of the role of the trial court in determining the inconsistency and admissibility of prior statements and its conclusion that the trial court properly concluded that the statements and posture assumed by the witness during his *Alford* plea were inconsistent with his trial testimony. We also agree that the transcript of Jones's *Alford* plea was therefore admissible for the jury's consideration as to the issue of the witness's credibility.

The trial court did not transform the *Alford* plea itself into a denial or protestation of innocence nor did it find any statement in Jones's *Alford* plea canvass, when examined in isolation, inconsistent with his trial testimony. In *State* v. *Whelan,* 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986), we noted that in determining whether an inconsistency exists, the trial court must examine "the testimony of the witness as a whole, or the whole impression or effect of what has been said . . . . " Id., 748 n.4, citing *State* v. *Piskorski,* 177 Conn. 677, 710, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). Inconsistency in effect, rather than express contradictions, is the test that the

---

[1] It is of no consequence that Jones's statement that he did not admit culpability was made through his attorney, for "[t]he general rule is that relevant and material admissions of fact by an attorney are admissible against the client, if made incidental to the attorney's general authority to represent the client in connection with and for the purpose of controlling the matter committed to the attorney." *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 517, 391 A.2d 157 (1978).

trial court applies to determine whether a witness's prior statement should be admitted. *State* v. *Whelan,* supra. "A statement's inconsistency may be determined from the circumstances and is not limited to cases in which diametrically opposed assertions have been made. Thus, inconsistencies may be found in changes in position . . . . See 3 Weinstein, Evidence (1985) § 607 (6)." Id., 748–49 n.4.

As previously noted, at the time of his *Alford* plea, when his own interests were at stake, Jones was unwilling to admit or deny any responsibility for the robbery of McGee; he assumed a neutral position. His statement that he did not admit any culpability, although not necessarily a protestation of innocence, indicated his unwillingness to accept any responsibility for the crime. During the same plea proceeding, however, Jones was willing to plead guilty to two unrelated crimes and admitted his participation in those crimes.

At the defendant's trial, when Jones's interests were no longer at stake but those of his friend Simms were, he abandoned his neutral position and was willing to admit sole responsibility for the robbery of McGee. He further testified that his present testimony differed from that given at his *Alford* plea canvass.

We agree with the Appellate Court that the trial court, in reviewing the transcript and circumstances of Jones's plea proceeding on May 6, 1983, and the circumstances and subsequent testimony by Jones at the defendant's trial, did not err in finding that Jones's statements and posture during his *Alford* plea were inconsistent with his trial testimony. The defendant is therefore not entitled to a new trial in this case.

The defendant has argued that the efficient functioning of our criminal justice system will be jeopardized if this court affirms the decision of the Appellate Court because many defendants will not be willing to run the

risk that the *Alford* plea itself will be used against them in a subsequent proceeding as an inconsistent statement. We are persuaded, however, that the integrity of the judicial system is preserved by our decision today. The inconsistency in this case derives not from the *Alford* plea itself but from the totality of the circumstances attending the plea. We will not permit the manipulation of the plea bargaining process so that an individual who has used the *Alford* plea to strike a bargain for himself may later change his position to benefit his cohort in crime.

The decision is affirmed.

In this opinion the other justices concurred.