[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS REED AND NELSON
The plaintiff administrator alleges in the first count of his two count complaint that the defendants Reed and Nelson, owner and permittee of the Cafe Del Mar (hereinafter "defendants") wantonly and recklessly served alcoholic liquor to the co-defendant Lowery while he was already intoxicated. The plaintiff further alleges that the defendants knew or should have known that Lowery was acting abusively and physically aggressive to the plaintiff's decedent, and further knew or should have known that Lowery would cause her injury. The plaintiff's decedent was killed by Lowery, who entered an "Alford plea" to a charge of murder in violation of Section 53a-54a. The second count of the complaint is addressed to the defendant Lowery and is not involved in this motion.
I.
The defendants argue that they are entitled to summary judgment because their alleged conduct was not the cause of the plaintiff's decedent's death. Lowery, the defendants, in effect argue, had the specific intent to commit murder which superseded the defendants' alleged conduct, and relieved the defendants of any liability.
The plaintiff argues that the defendants are not entitled to summary judgment on the first count of the complaint because there exists a genuine issue of material fact as to whether Lowery, in his intoxicated state, possessed the specific intent to commit the crime distinct from his intoxication.
II.
A party is entitled to summary judgment if he proves, by way of affidavits and other supporting documentation that there exists no genuine issue of material CT Page 10012 fact and that he is entitled to judgment as a matter of law. Practice Book Section 384. Batick v. Seymour, 186 Conn. 632
(1982). A material fact is one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377-78 (1969). A party seeking to resist a motion for summary judgment may not rely on underlying pleadings to establish a genuine issue as a material fact, but must file opposing affidavits and other evidence which is admissible at trial to substantiate his claim. Practice Book Section 380; United Oil Co., supra, 377. As "an evidentiary showing is indispensible," bald assertions that there exists a genuine issue of material fact will not suffice to resist a sufficiently supported motion for summary judgment. Farrel v. Farrel, 182 Conn. 34, 38
(1980).
The burden in a motion for summary judgment is on the moving party; the evidence must be viewed in the light most favorable to the nonmovant "and he is given the benefit of all favorable inferences that can be drawn." United Oil Co., supra, 380.
The test is whether a party would be entitled to a directed verdict on the same facts. See Connell v. Colwell,214 Conn. 242, 247 (1990).
A cause of action for wanton and reckless misconduct, in relation to the service of alcohol exists at common law. Kowal v. Hofher, 181 Conn. 355 (1980). Wanton and reckless misconduct is more than negligence, it "`requires a conscious choice of a course of action either with knowledge of serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor `must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.'" Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45 (1985).
A causal connection between the conduct and the resulting injury is a necessary element in a cause of action for reckless and wanton misconduct. Tesler v. Johnson,23 Conn. App. 536, 539 (1990), citing Boehm v. Kish, 201 Conn. 385,390 (1986); Kowal v. Hofher, supra.
Legal cause is made up of two components: CT Page 10013 cause-in-fact and proximate cause. Doe v. Manheimer,212 Conn. 748, 757 (1989). An act is the cause in fact of something if the injury would not "have occurred were it not for the actor's conduct." Kowal, supra, 359.
The determination of "proximate cause, the point beyond which the law declines to trace a series of events that exist along a chain signifying actual causation, is a matter of fair judgment and a rough sense of justice." Boehm v. Kish, 201 Conn. 385, 391-92 (1986).
The proximate cause element of legal cause requires that a defendant's actions be a substantial factor in producing the plaintiff's injuries. Doe v. Manheimer, supra, 758.
The question of proximate cause is ordinarily for the trier of fact. Doe v. Manheimer, supra, 756. "It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for reasonable disagreement the question is one to be determined by the trier of fact." (citations omitted.) Trzcinski v. Richey, 190 Conn. 285, 295 (1983).
The defendants assert that they are entitled to judgment as a matter of law because their alleged conduct was neither the cause-in-fact nor the proximate cause of the plaintiff's decedent's death because Lowery had formed the specific intent to murder the plaintiff's decedent which would have existed regardless of the defendants' conduct.
In support of this contention, the defendants attached a certified transcript of Lowery's plea hearing in which he pled guilty under the Alford doctrine to the crime of murder under General Statutes Section 53a-54a which reads: "a person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person. . . ." The defendants argue that there is no question that Lowery had formed the intent to kill the plaintiff's decedent which was unaffected by the alleged conduct of the defendants. Lowery pled guilty to the crime of murder under the Alford doctrine and as stated in the transcript of the plea hearing, he offered no defense of intoxication or otherwise.
CT Page 10014 The defendants further argue that the moral and pragmatic approach to proximate cause, outlined in Kowal v. Hofher, supra, 360, would also appear not to justify liability. In support of this contention, the defendants claim that: "These defendants should not be held responsible for these intentional acts of another which constitute the most serious of criminal activity . . . . Such a ruling would be impossible to administer and would not yield a workable degree of certainty, as it is a most remote and obscure factor in this line of causation." (Defendant's memorandum,7-8)
The plaintiff claims that there is a genuine issue of fact as to whether the defendants' conduct was a substantial factor in the plaintiff's decedent's resulting injuries.
The defendants contend that, since they attached as evidence a certified copy of the transcript of Lowery's guilty plea under the Alford doctrine and his sentence, then they have established as a matter of law that their alleged conduct was neither the cause-in-fact nor the proximate cause of the plaintiff's decedent injuries.
"A defendant who pleads guilty under the Alford doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (citations omitted.) State v. Simms, 211 Conn. 1, 3-4 (1989). Furthermore, "[a] criminal defendant's intoxication is relevant to the determination of his capacity to form a specific intent to commit a crime . . . but it is not dispositive of the issue. It is for the jury to decide . . . ." State v. Vinal, 198 Conn. 644,658-659 (1986); General Statutes Section 53a-7.
General speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. Rathkopf v. Pearson,148 Conn. 260, 264 (1961). It is, however, apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial. It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn CT Page 10015 deal with questions of motive, intent and subjective feelings and reactions. "It is only when the witnesses are present and subject to cross examination that their credibility and the weight to be given to their testimony can be appraised." United Oil Company v. Urban Development Commission, 158 Conn. 364, supra, 375-376 (1969) (citations omitted). Thus, there is a genuine issue of fact surrounding Lowery's intent.
For the foregoing reasons, the defendants' motion for summary judgment is denied.
Teller, J.