## Floyd Simms *v.* Warden
## (14681)

Peters, C. J., Borden, Berdon, Santaniello and Dupont, Js.

Argued January 4—decision released March 18, 1994*

*Louis S. Avitabile,* special public defender, with whom, on the brief, was *Meryl Anne Spat,* for the plaintiff in error.

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *Patricia Swords,* state's attorney,

---

* March 18, 1994, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

and, on the brief, *Jacqueline J. Footman,* assistant state's attorney, for the defendant in error.

PETERS, C. J. The dispositive issue in this case is whether the governing statutes give this court subject matter jurisdiction over a writ of error brought to review the denial of a petition for a writ of habeas corpus after the habeas court has denied certification to appeal.[1] The plaintiff in error, Floyd Simms (plaintiff), filed an amended petition for a writ of habeas corpus to challenge the legality of his detention by the defendant in error, the warden of the Connecticut correctional institution at Somers (state). In his petition for a writ of habeas corpus, the plaintiff maintained that his 1983 conviction of accessory to assault of a person sixty years of age or older in the first degree pursuant to General Statutes §§ 53a-59 (a) (3), 53a-59a and 53a-8 and robbery in the second degree pursuant to General Statutes § 53a-135 (a) (1) should be set aside or that he should be resentenced.[2] His three count petition alleged ineffective assistance of trial counsel, ineffective assistance of appellate counsel and impairment of his rights to due process under the federal and state constitutions.[3] The habeas court dismissed the count of the petition claiming a constitutional deprivation of due process[4] and, after an evidentiary hear-

---

[1] In a companion case, *Carpenter* v. *Meachum,* 229 Conn. 193, 640 A.2d 591 (1994), we have today considered and rejected a constitutional challenge to the validity of General Statutes § 52-273.

[2] The Appellate Court affirmed the plaintiff's criminal conviction in *State* v. *Simms,* 14 Conn. App. 1, 539 A.2d 601 (1988). We affirmed the judgment of the Appellate Court. *State* v. *Simms,* 211 Conn. 1, 557 A.2d 914, cert. denied, 493 U.S. 843, 110 S. Ct. 133, 107 L. Ed. 2d 93 (1989).

[3] Each of the plaintiff's counts was premised on his contention that the trial court judge, *Corrigan, J.,* should have recused himself, in large measure because he had presided over a previous trial that resulted in the plaintiff's conviction of the crime of felony murder and had commented on the plaintiff's lack of credibility when sentencing him for that crime.

[4] In its memorandum of decision, the habeas court noted that its dismissal of the third count of the amended petition for a writ of habeas corpus at

ing,[5] denied the counts of the petition claiming ineffective assistance of counsel. The habeas court thereafter denied the plaintiff's petition for certification to appeal. Without attempting to appeal from this denial, the plaintiff filed this writ of error. We conclude that the writ of error must be dismissed.

In this court, the plaintiff's contentions in support of his writ of error mirror the substantive and the procedural arguments that he presented to the habeas court. The state maintains, however, that we lack subject matter jurisdiction to review the merits of the plaintiff's case because, under General Statutes § 52-273, "[n]o writ of error may be brought in any civil or criminal proceeding for the correction of any error which might have been reviewed by process of appeal." We agree with the state.

Once an issue of subject matter jurisdiction has come to our attention, we cannot adjudicate a case on its merits without first determining whether we have the authority to proceed. *Gagnon* v. *Planning Commission,* 222 Conn. 294, 297, 608 A.2d 1181 (1992); *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 556–57, 529 A.2d 666 (1987). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here." *Serrani* v. *Board of Ethics,* 225 Conn. 305, 308, 622 A.2d 1009 (1993). "[T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." *Sasso* v. *Aleshin,* 197 Conn. 87, 89, 495 A.2d 1066 (1985); *Tomlinson* v. *Board of Education,* 226 Conn. 704, 718, 629 A.2d 333 (1993).

---

the habeas hearing had been "because the 'cause and prejudice' grounds alleged therein to justify not raising these issues on direct appeal were insufficient to excuse that failure and for failure to allege 'no deliberate bypass' of the direct appeal process."

[5] The habeas court denied a motion to open the evidence that the plaintiff filed after the conclusion of the evidentiary hearing.

The subject matter jurisdiction of this court is defined by statute. *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 759–60, 628 A.2d 1303 (1993); *Grieco* v. *Zoning Commission,* 226 Conn. 230, 231, 627 A.2d 432 (1993); *State* v. *Ayala,* 222 Conn. 331, 338–41, 610 A.2d 1162 (1992); *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983); *Chipman* v. *Waterbury,* 59 Conn. 496, 497, 22 A. 289 (1890). The central issue before us, therefore, is whether § 52-273 confers jurisdiction on this court to review the disposition of a petition for a writ of habeas corpus after denial of certification to appeal. This issue can usefully be divided into the following subparts: (1) Does § 52-273 permit writs of error for review of judgments rendered in habeas corpus proceedings? (2) If § 52-273 does not permit such a writ of error, does Practice Book § 4143 nevertheless provide authority for such a writ of error? (3) If neither the statute nor the Practice Book permits a writ of error to be brought, what avenues of appellate review are available to challenge an adverse judgment in a habeas corpus proceeding?

I

On its face, the text of § 52-273 strongly suggests that the plaintiff may not bring a writ of error in the circumstances of this case. The statute disallows a writ of error "for the correction of any error which *might* have been reviewed by process of appeal." (Emphasis added.) Although the plaintiff does not have an unqualified right to appeal from the denial of his petition for a writ of habeas corpus, he would have had such a right if, in accordance with the provisions of General Statutes § 52-470 (b),[6] either the habeas court or an appel-

---

[6] General Statutes § 52-470 provides: "SUMMARY DISPOSAL OF THE CASE. APPEAL BY PERSON CONVICTED OF CRIME. (a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein,

late judge had certified that "a question is involved in the decision which ought to be reviewed . . . ." The availability of this qualified right of appeal is sufficient to deny the plaintiff access to a statutory right to a writ of error. See C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 8.3. This case is one example of a request for a review of errors that, in the language of § 52-273, "might have been reviewed by process of appeal."

As a matter of statutory construction, this result is entirely consistent with the manifest intention of the legislature, when it enacted § 52-470 (b), to limit the opportunity for plenary appellate review of decisions in cases seeking postconviction review of criminal convictions. The legislature amended the predecessor statute to § 52-470 (b) for this specific purpose.[7] See *Iovieno* v. *Commissioner of Correction,* 222 Conn. 254, 259-60, 608 A.2d 1174 (1992). At the same time, it also amended the statute governing a petition for a new trial in a criminal case, now General Statutes § 54-95 (a),[8] to

and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require.

"(b) No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[7] See 7 S. Proc., Pt. 5, 1957 Sess., pp. 2936, 2939–40; 7 H.R. Proc., Pt. 5, 1957 Sess., pp. 2881–83.

[8] General Statutes § 54-95 provides in relevant part: "APPEAL BY DEFENDANT IN CRIMINAL PROSECUTION; STAY OF EXECUTION. (a) Any defendant in a criminal prosecution, aggrieved by any decision of the superior court, upon the trial thereof, or by any error apparent upon the record of such prosecution, may be relieved by appeal, petition for a new trial or writ of error, in the same manner and with the same effect as in civil actions. No appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the supreme court or the appellate court, as the case

require a similar certification as a condition on the right to appeal. Having restricted the right to appeal, under both statutes, to cases in which a judge or justice has specifically determined that further review is appropriate, the legislature could not have intended a writ of error to serve as an alternate, unrestricted route for appellate review.[9]

## II

Despite this consistent and unambiguous manifestation of legislative intent, the plaintiff maintains that court rules of procedure and judicial precedents entitle him to bring a writ of error. We are unpersuaded.

The Practice Book provision on which the plaintiff principally relies is § 4143 (b) (1). Subsection (b) (1) provides: "No writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification, except that the state may bring a writ of error where it has been denied certification to appeal in a habeas corpus proceeding pursuant to Gen. Stat. § 52-470 (b) and a petitioner may bring a writ of error in a habeas corpus proceeding requiring certification to appeal where petitioner has been denied certification to appeal and the issues sought to be raised do not present any federal question cognizable by the federal district court."

The plaintiff contends that he may invoke the provisions of § 4143 (b) because, in his view, its provisions are consistent with the provisions of § 52-273. We disagree. A textual comparison of the two provisions ineluctably demonstrates that, after a denial by the

---

may be, certifies that a question is involved in the decision which ought to be reviewed by the supreme court or by the appellate court. It shall be sufficient service of any such writ of error or petition for a new trial to serve it upon the state's attorney for the judicial district where it is brought."

[9] See part II regarding the plenary scope of review for writs of error.

habeas court of certification to appeal that is not an abuse of discretion, the statute precludes access to a writ of error, while the Practice Book authorizes its use. To the extent that § 4143 (b) (1) is inconsistent with the provisions of the General Statutes, our jurisdiction to consider a writ of error is governed by the applicable statutes. Provisions of the Practice Book cannot confer jurisdiction on this court. See General Statutes § 51-14;[10] *Ambroise* v. *William Raveis Real Estate, Inc.,* supra, 226 Conn. 759–60; *Grieco* v. *Zoning Commission,* supra, 226 Conn. 231; *State* v. *Ayala,* supra, 222 Conn. 338–41; *State* v. *Curcio,* supra, 191 Conn. 30.

The stark textual contrast between the statute and the Practice Book is heightened by the fact that, since the 1986 amendments to the Practice Book, the scope of review afforded by a writ of error is no longer limited to errors of law "apparent on the face of the record." Practice Book, 1963, § 3090 (now § 4143). Instead, Practice Book § 4144 now provides that procedures for a writ of error "shall be in accordance with the rules for appeals." See *Bergeron* v. *Mackler,* 225 Conn. 391, 393 n.3, 623 A.2d 489 (1993); C. Tait, supra, § 8.6. Permitting a writ of error in accordance with § 4143 of the Practice Book would therefore authorize a plenary review that is the functional equivalent of an ordinary appeal. Such a use of the writ of error would effectively write the certification requirement out of § 52-470 (b).[11]

---

[10] General Statutes § 51-14 provides in relevant part: "RULES OF COURT. . . . (a) The judges of the supreme court, the judges of the appellate court, and the judges of the superior court shall adopt and promulgate and may from time to time modify or repeal rules and forms regulating pleading, practice and procedure in judicial proceedings in courts in which they have the constitutional authority to make rules, for the purpose of simplifying proceedings in the courts and of promoting the speedy and efficient determination of litigation upon its merits. . . . Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts. . . ."

[11] Furthermore, applying the rule of the Practice Book would create a distinction between postconviction cases brought under General Statutes

A litigant disappointed by the outcome of a habeas corpus proceeding could *always* obtain plenary review of its merits, either on appeal if certification to appeal were granted, or through a writ of error if certification to appeal were denied.

Even if such inconsistency would normally require the provisions of the Practice Book to give way to the governing provisions of the jurisdictional statutes, the plaintiff contends that this court's past practice of reviewing habeas corpus decisions on writs of error establishes the legitimacy of this procedural route. In essence, this argument suggests that decisions of this court estop the state from insistence on compliance with the governing statutes. To state this argument is to refute it. Constraints on our jurisdiction cannot be waived by anyone, including this court. *Ambroise* v. *William Raveis Real Estate, Inc.,* supra, 226 Conn. 766–67; *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988). To the extent that our precedents imply that a writ of error may be brought in the circumstances of this case, these precedents are mistaken and are hereby overruled.[12]

§ 52-470 (b), for which the writ of error would be available, and under General Statutes § 54-95 (a), for which the writ of error would be unavailable, even though the legislature has determined that these remedies should be treated alike. See C. Tait, supra, § 2.5.

[12] The plaintiff principally relies on four cases. Our review persuades us, however, that only three are relevant to the present discussion.

In *Laws* v. *Warden,* 218 Conn. 479, 590 A.2d 436 (1991), we held that the respondent, as well as the petitioner, must obtain certification under General Statutes § 52-470 (b) in order to appeal from an adverse habeas corpus judgment. In that context, when we described Practice Book § 4143 (b) as clarifying an ambiguity in the underlying statute, the relevant statute was § 52-470 (b) and not General Statutes § 52-273.

In *Iovieno* v. *Commissioner of Correction,* supra, 222 Conn. 254, we rejected the plaintiff's contention that a habeas court has discretion to consider an untimely filed petition for certification to appeal. The jurisdictional flaw in the plaintiff's pursuit of a writ of error was not called to our atten-

## III

The unavailability of appellate review of habeas corpus proceedings by means of a writ of error does not leave a disappointed litigant remediless to obtain review of the merits of the habeas corpus judgment. The litigant may, of course, persuade either the habeas court, or an appellate judge or justice, to permit a further appeal. The fact that certification to appeal may be sought from someone other than the judge hearing the habeas case is a significant protection of the rights that habeas corpus proceedings are intended to protect. *Gaines* v. *Manson,* 194 Conn. 510, 516, 481 A.2d 1084 (1984).

Even if certification to appeal is denied, however, the disappointed litigant does not lack further recourse. The petitioner or the state, as the case may be, can nonetheless file an appeal in the proper appellate forum.[13] In such an appeal, the first issue for the appel-

tion. We were, however, mistaken to have assumed that we had the jurisdiction to entertain that writ of error.

In *Commissioner of Correction* v. *Rodriquez,* 222 Conn. 469, 610 A.2d 631 (1992), we sustained the state's action in bringing a writ of error to challenge the validity of habeas corpus proceedings in which the habeas court had ordered a new trial and had denied the state's request for certification to appeal. The jurisdictional flaw in the state's pursuit of a writ of error was again not called to our attention. We were, however, mistaken to have assumed that we had the jurisdiction to entertain that writ of error.

In *Walker* v. *Commissioner of Correction,* 223 Conn. 411, 413–14 n.3, 611 A.2d 413 (1992), we permitted a writ of error to be used to affirm the decision of a habeas court denying the plaintiff's request for certification to appeal. The jurisdictional flaw in the plaintiff's pursuit of a writ of error was not raised by the parties or briefed by them. We were, however, mistaken to have addressed the merits without determining our jurisdiction to entertain that writ of error.

[13] Although some of our precedents suggest that a motion for review is the proper way to seek appellate consideration of the propriety of a denial of certification, the motion for review is not an appropriate vehicle for determining whether an appellate tribunal has jurisdiction. The scope of the motion for review is defined by Practice Book § 4053 to encompass orders

late tribunal will necessarily be whether it has jurisdiction to hear the appeal. Appellate tribunals are regularly called upon to determine their own jurisdiction, which may be brought into question either by a motion to dismiss or by appropriate briefing of the issue. For example, before reaching the merits of appellate litigation, appellate tribunals routinely resolve disagreements about the timeliness of an appeal, the presence or absence of a final judgment from which to appeal, or the occurrence of intervening events that may have rendered an appeal moot. A similar threshold jurisdictional question will be presented in any case in which, despite the absence of certification to appeal, an appellate tribunal is asked to determine the merits of a habeas corpus judgment involving a criminal conviction. Before addressing the merits, the appellate tribunal will have to decide whether the habeas court's denial of certification was an abuse of that court's discretion.

Construing § 52-470 (b) to permit appellate scrutiny of the denial of certification to appeal is consistent not only with the salutary purposes of the writ of habeas corpus; *Gaines* v. *Manson,* supra, 194 A.2d 516; but with other statutes establishing certification requirements that expressly preclude further appellate review. "Because the legislature is always presumed to have created a harmonious and consistent body of law, we

"relating to the perfecting of the record for the appeal or the procedure of prosecuting or defending against the appeal, or any order made by the trial court concerning a stay of execution on appeal." The motion for review is therefore restricted to matters that are ancillary to an existing appeal. See C. Tait, supra, § 2.6 (e).

Another alternate remedy that might provide access to appellate review of the merits of a habeas corpus judgment is a petition for review. That remedy is, however, statutory. To date, the legislature has provided such a remedy only for appeals of orders prohibiting attendance at any session of court; General Statutes § 51-164x (a); and of orders relating to the disclosure of the records of an investigatory grand jury. General Statutes § 54-47g (a).

read statutes together when they relate to the same subject matter." *Daly* v. *DelPonte,* 225 Conn. 499, 510, 624 A.2d 876 (1993); *Concerned Citizens of Sterling, Inc.* v. *Connecticut Siting Council,* 215 Conn. 474, 482–83, 576 A.2d 510 (1990); *Dart & Bogue Co.* v. *Slosberg,* 202 Conn. 566, 575, 522 A.2d 763 (1987). Although §§ 52-470 (b) and 54-95 (a) both require certification to appeal, neither statute includes a provision that denial of the requisite certification is final and dispositive. By contrast, in General Statutes § 8-8,[14] governing zoning appeals and in General Statutes § 51-197f,[15] governing appeals from final judgments of the Appellate Court, the legislature has expressly stated that, upon the denial of certification to appeal, there shall be "no right to further review." See also General Statutes § 46b-231 (n) and (o), governing appeals from family magistrates.

Although we have not previously articulated the standard of review on direct appeal of the denial of certifi-

---

[14] "[General Statutes] Sec. 8-8. APPEAL FROM BOARD TO COURT. REVIEW BY APPELLATE COURT. . . .

"(o) There shall be *no right to further review* except to the appellate court by certification for review, on the vote of two judges of the appellate court so to certify and under such other rules as the judges of the appellate court establish. The procedure on appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court." (Emphasis added.)

[15] "[General Statutes] Sec. 51-197f. FURTHER REVIEW BY CERTIFICATION ONLY. Upon final determination of any appeal by the appellate court, there shall be *no right to further review* except the supreme court shall have the power to certify cases for its review upon petition by an aggrieved party or by the appellate panel which heard the matter and upon the vote of two justices of the supreme court so to certify and under such other rules as the justices of the supreme court shall establish. The procedure on appeal from the appellate court to the supreme court shall, except as otherwise provided, be in accordance with the procedure provided by rule or law for the appeal of judgments rendered by the superior court, unless modified by rule of the justices of the supreme court." (Emphasis added.)

cation under §§ 52-470 (b) or 54-95 (a), we have considered a similar issue in related cases. When we determined that a writ of error to review such a denial would require the showing of an abuse of discretion; *Walker* v. *Commissioner of Correction,* 223 Conn. 411, 414, 611 A.2d 413 (1992); we relied on case law under General Statutes § 54-96, which authorizes a trial court to permit the state to appeal questions of law in criminal cases. In that context, we have held that, on appeal, the issue is whether the record manifests a "clear and extreme abuse of discretion" or whether "injustice appears to have been done." *State* v. *Avcollie,* 174 Conn. 100, 110–11, 384 A.2d 315 (1977); *State* v. *Bergin,* 214 Conn. 657, 660–61, 574 A.2d 164 (1990); *State* v. *S & R Sanitation Services, Inc.,* 202 Conn. 300, 312, 521 A.2d 1017 (1987). In similar fashion, therefore, we construe § 52-470 (b) to permit a disappointed habeas corpus litigant to invoke appellate jurisdiction for plenary review of the decision of the habeas court upon carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that an injustice appears to have been done.[16]

The writ of error is dismissed.

In this opinion SANTANIELLO and DUPONT, Js., concurred.

BORDEN, J., concurring. I fully agree with parts I and II of the majority opinion. I decline to join part III, however, in which the majority states that a disappointed

[16] In its requirement for a certificate of probable cause, federal law places similar constraints on a federal petitioner's right to appeal from the denial of relief in habeas corpus proceedings challenging the validity of a state criminal conviction. See 28 U.S.C. § 2253; Fed. R. App. P. 22 (b); see also L. Yackle, Postconviction Remedies (1981) § 160.

The Supreme Court of the United States has instructed federal courts that a certificate of probable cause should issue whenever a petitioner makes "a substantial showing of a denial of [a] federal right." (Internal quotation marks omitted.) *Lozada* v. *Deeds,* 498 U.S. 430, 431, 111 S. Ct. 860, 112

habeas corpus litigant, whose petition for certification under General Statutes § 52-470 (b) has been denied, may nonetheless file a direct appeal, the threshold issue of which would be whether the denial of the certification petition was an abuse of discretion.

First, part III of the opinion is dictum. Whether such an appeal is permissible under § 52-470 (b) was not raised in this case, was not briefed by either party, and is not necessary to our decision that a writ of error does not lie following the denial of certification to appeal. Experience has demonstrated that we are wiser to defer difficult questions to cases that squarely present them. I would follow that wisdom and defer the question to a case in which the issue is squarely presented and briefed.

Second, I am not prepared necessarily to agree with the reasoning of the majority on its interpretation of § 52-470 (b), at least without much further thought and research than this case has presented to us. I am not persuaded, at this time, by the comparisons to the zoning appeal certification statute; General Statutes § 8-8; and to the statute regarding certified appeals to this court from judgments of the Appellate Court. General Statutes § 51-197f. The fact that § 52-470 (b) does not contain the same emphatic language regarding the lack of further review that is contained in those statutes is not conclusive on the question of whether the legisla-

---

L. Ed. 2d 956 (1991); *Barefoot* v. *Estelle,* 463 U.S. 880, 892–93, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). To make such a showing, "a petitioner who has been denied relief in a district court must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Lozada* v. *Deeds,* supra, 432.

We do not need to decide today whether the federal standard should guide the granting or denial of certification to appeal under General Statutes § 52-470 (b). Justice Berdon's dissent in the companion case of *Carpenter* v. *Meachum,* 229 Conn. 193, 203, 640 A.2d 591 (1994), therefore, raises issues that are not properly before us in this case.

ture's intent in enacting § 52-470 (b) was just as emphatic. See *Iovieno* v. *Commissioner of Correction,* 222 Conn. 254, 259–60, 608 A.2d 1174 (1992).

Third, I am not prepared to equate, as does the majority, § 52-470 (b) with the state's appellate rights pursuant to General Statutes § 54-96, again, at least without further thought and scholarship on the issue. There are several significant differences between § 52-470 (b) and § 54-96 that, arguably, could require differing treatments of the right to appeal following the denial by the trial court of a certification to appeal.

Section 52-470 (b) was enacted to limit appellate rights that previously existed; see *Iovieno* v. *Commissioner of Correction,* supra, 222 Conn. 259; whereas § 54-96 was enacted to create appellate rights that previously had not existed. Furthermore, under § 52-470 (b), unlike under § 54-96, the disappointed litigant has the option of applying to a judge of the Appellate Court or a justice of this court for certification to appeal, rather than relying on the determination of the habeas judge who made the initial decision. In addition, an unsuccessful habeas petitioner who has been denied certification to appeal under § 52-470 (b) will, in most cases, have federal habeas corpus available to him. Thus, a denial of certification under § 52-470 (b) will not be the end of the line for such a litigant, whereas absent the residual opportunity of the state to appeal following the denial of the state's petition for certification under § 54-96, such a denial would be the end of the state's case. This difference is particularly pertinent in a case such as this, in which the petitioner's substantive claim is that his federal constitutional right to effective representation of counsel was violated.

Finally, the majority's implied invitation to appeal, directed to all disappointed habeas petitioners denied

certification to appeal, could well eviscerate the limitations contained in § 52-470 (b). In effect, the denial of the petition for certification could become an empty gesture, because one does not need to be prescient to foresee that every disappointed habeas petitioner could, once his petition for certification is denied, file or perfect a direct appeal under the same statute. Although, under the majority's analysis, the "threshold" issue will be whether the denial of the § 52-470 (b) petition was an abuse of discretion, that will not prevent the appeal itself, nor is it likely that the threshold issue will be a jurisdictional issue that we will be able to dispose of prior to hearing the appeal on its merits. Unlike a question of whether an appeal was timely, a question of whether the habeas court abused its discretion requires an examination of the merits.

Thus, it is difficult for me, again at least at this stage of the process, to understand why the legislature would have limited the right to appeal as it did under § 52-470 (b), and at the same time, nonetheless, intended to permit a full appeal, the first issue of which would be whether the court abused its discretion under § 52-470 (b) in denying a petition for certification. I see no justification for reaching out to find such an intent in a case, such as this, that does not present the issue.

BERDON, J., dissenting. I respectfully dissent for the reasons stated in my dissenting opinion in *Carpenter* v. *Meachum,* 229 Conn. 193, 203, 640 A.2d 591 (1994).