[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #112
The Defendant moves to strike counts one and four of the amended complaint on the grounds of failure to state a claim for intentional misrepresentation and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §§42-110a et seq.
The plaintiff's amended complaint alleges the following facts: Throughout December, 1997, the defendant Circuit City broadcast television advertisements in the Hartford area with the representation that it had the "Lowest prices anywhere, guaranteed." Amended Complaint, count one, ¶ 12. On December 9, 1997, the plaintiff, David R. Clemens, purchased a Sony camcorder from the defendant for $599.99. At the time of the purchase, a sales representative discussed the defendant's price protection policy with the plaintiff. According to the sales representative, the defendant would refund the difference between its price and the lower price of a competitor if the plaintiff brought the competitor's advertisement to the defendant within thirty days of the purchase. The sales representative also CT Page 1069 provided the plaintiff with a written copy of the defendant's "Everyday Low Price Guarantee."
On December 30, 1997, the plaintiff found the same model of Sony camcorder advertised in The Hartford Courant for $470.00 through Nationwide Computers Electronics (Nationwide). The plaintiff wrote a letter to the defendant on January 7, 1998 requesting a refund of 110 percent of the price difference ($142.98) pursuant to the defendant's "Everyday Low Price Guarantee." The next day, the defendant's sales representative informed the plaintiff that he would have to go to its store in order to receive a refund. When the plaintiff returned to Circuit City on January 10, 1998, the defendant's sales manager refused to issue a refund. The sales manager explained that Nationwide was on a list of excluded retailers maintained by the defendant. In fact, Nationwide was not on the list.
The plaintiff filed a complaint against the defendant on February 15, 1998, and an amended complaint on March 30, 1998, alleging intentional misrepresentation, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and a violation of CUTPA. The defendant filed a motion to strike the plaintiff's counts pertaining to intentional misrepresentation and CUTPA on September 3, 1998, and supplied an accompanying memorandum of law. The plaintiff filed a memorandum in opposition to the motion to strike on November 6, 1998. The court heard oral arguments on November 9, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). In addition, the court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). Therefore, CT Page 1070 the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 5, 654,542 A.2d 752 (1988). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Bouchard v. People's Bank, supra, 471.
In count one, the plaintiff alleges that the defendant made intentional misrepresentations to him. In order to establish a claim for intentional misrepresentation, the plaintiff must allege (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. See Weisman v. Kaspar,233 Conn. 531, 539-40, 233 A.2d 530 (1995). "Fraud by nondisclosure, which expands on the first three of the four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak . . ." (Emphasis in original; internal quotation marks omitted.) Parker v. Shaker Real Estate, Inc., 47 Conn. App. 489,494, 705 A.2d 210 (1998). "A lack of full and fair disclosure of such facts must be accompanied by an intent or expectation that the other party will make or will continue in a mistake, in order to induce that other party to act to her detriment." Gelinas v.Gelinas, 10 Conn. App. 167, 173, 522 A.2d 295, cert. denied,204 Conn. 802, 525 A.2d 965 (1987).
The defendant contends that the plaintiff failed to allege the first three elements of a cause of action for intentional misrepresentation, and therefore the court must strike this count. The defendant contends that the plaintiff fails to allege a false representation. It argues that a sales representative handed the plaintiff its "Everyday Low Price Guarantee," which states that the defendant's price would beat any factory-authorized dealer. Despite the defendant's arguments, the plaintiff did allege false representations by the defendant. According to the amended complaint, the defendant advertised that it had the "lowest prices anywhere, guaranteed" and its sales representative informed the plaintiff that it would refund the difference between the defendant's price and a lower competitors' price within thirty days of purchase. The plaintiff found a camcorder for a lower price at a competitor's store and sought a CT Page 1071 refund within thirty days. The defendant refused to issue a refund on the basis that the competitor's store was on a list of stores excluded from the price guarantee. The plaintiff alleges that this list was not disclosed at the time of purchase nor in any of the oral representations made by the defendant. Moreover, according to the plaintiff the competitor's store was not even included on the list after his examination. These allegations sufficiently allege false representations.
The defendant claims that the plaintiff must allege that he found the same item from a factory-authorized dealer in order to properly allege a false representation. Such an assertion is unnecessary to allege the first element of a claim for intentional misrepresentation. The plaintiff has alleged three different mechanisms through which the plaintiff made intentional misrepresentations: through its employees' oral assertions, through its written guarantee, and through its television advertisements. The plaintiff does not need to show that the defendant's written guarantee alone constitutes a false representation. While the defendant may have provided the plaintiff with a written copy of its guarantee, which contains a limitation to factory-authorized dealers, the oral assertions of its employees and its television advertisements expressed no such limitation.[1]
The defendant also claims that the plaintiff fails to allege that it knew of the misrepresentation. A plaintiff must allege scienter in order to sufficiently state a cause of action for intentional misrepresentation. See Miller v. Appleby,183 Conn. 51, 57 n. 1, 438 A.2d 811 (1981). The court may reasonably infer from the complaint that the plaintiff has sufficiently alleged that the defendant knowingly produced advertisements that were intended to deceive its customers. For example, the plaintiff has alleged that despite advertising that it had the "Lowest prices everyday, guaranteed," the defendant had a list of retailers in which its "Everyday Low Price Guarantee" would not apply. In addition, the complaint does not state that the defendant's advertisements limit its assertion that it has the lowest prices guaranteed to factory-authorized dealers. Based upon the allegations in the amended complaint, the plaintiff has sufficiently alleged that the defendant knew or intended to make misrepresentations.
The defendant further argues that the plaintiff has failed to allege that the defendant intended to induce him to act upon CT Page 1072 their misrepresentations. The whole point of advertisements are to induce a consumer to act on the information provided. Combined with the sales representative's alleged misrepresentations, it seems apparent from the allegations that the plaintiff has sufficiently alleged that the defendant wanted the plaintiff to act based upon incorrect information that the defendant or its agents provided to him.
Since the plaintiff has adequately alleged the four elements of a cause of action for intentional misrepresentation, the court denies the defendant's motion to strike count one.
The defendant also contends that the court must strike count four of the amended complaint since it fails to state a claim for a violation of CUTPA. In its brief, the defendant argues that the plaintiff has failed to allege the facts of his CUTPA claim with particularity. The defendant also claims that the plaintiff's allegations present a single, isolated transaction, and therefore CUTPA does not apply. As support for this proposition, the defendant cites Jacobs v. Healey Ford-Subaru, Inc.,231 Conn. 707, 652 A.2d 496 (1995), and certain Connecticut Superior Court cases.
The plaintiff insists that there is a conflict among the trial courts concerning whether a plaintiff must allege more than a single transaction in order to state a claim under CUTPA, with a majority of the trial courts holding that a single act or transaction is sufficient. In addition, the plaintiff argues that his claim is precisely the type of claim that the legislature envisioned when it created CUTPA.
"It is well settled that in determining whether a practice violates CUTPA [Connecticut has] adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspeople] . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the CT Page 1073 criteria or because to a lesser extent it meets all three . . . CUTPA reflects a public policy that favors remedying wrongs that may not be actionable under other bodies of law." (Citations omitted; internal quotation marks omitted.) Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp. ,245 Conn. 1, 43, 717 A.2d 77 (1998). It "must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Id., 42.
A claim under CUTPA must be pleaded with sufficient particularity to allow evaluation of the legal theory upon which the claim is based. S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,797, 631 A.2d 296, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993). The defendant argues that the plaintiff has failed to plead his count under CUTPA with particularity since he incorporated by reference the facts that constitute his CUTPA claim. While some courts have stated that a CUTPA count may not incorporate by reference the allegations pleaded in another count; see Dowcom, Inc. v. Kutack Rock, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468032 (May 16, 1996) (Handy, J.) (17 CONN. L. RPTR. 150); Mungham v.Prudential Home Mortgage Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 03056 (July 3, 1996) (Tierney, J.); other courts have permitted this practice when the plaintiff has sufficiently alleged the elements of a CUTPA claim. See Mencio v. Rich d/b/a Furniture Surplus, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 139051 (March 31, 1998) (Lopez, J.) (finding allegations sufficient to support a cause of action under CUTPA when CUTPA claim is not functionally identical to products liability claim);Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 24, 1997) (Lager, J.) (finding CUTPA allegations not solely grounded on negligence).
The plaintiff may incorporate the facts that give rise to his CUTPA count by reference to other counts of the complaint. InWillow Springs Condominium Association v. Seventh BRT DevelopmentCorp., supra, 245 Conn. 39-42, the Connecticut Supreme Court considered whether a trial court may award damages under CUTPA when the CUTPA count incorporated by reference a count that was charged out by the trial court. The court held that the jury could consider acts other than those alleged in the dismissed count in determining whether the defendant violated CUTPA. Id.,
CT Page 1074 41-42. If a court may award damages under CUTPA when a CUTPA count incorporated by reference a dismissed count, a court may permit an incorporation of the facts in the present action involving a count that has not been dismissed if the facts support such a claim.
In count four of this case, the plaintiff incorporated by reference paragraphs one through thirteen of count three (breach of the covenant of good faith and fair dealing) and added two additional paragraphs. Within paragraphs one through thirteen, the plaintiff has stated that the defendant advertised that it had the "Lowest prices anywhere, guaranteed." The plaintiff has alleged that the defendant's sales personnel failed to mention any limitation to its price protection policy. The plaintiff also alleged that the defendant failed to disclose its list of retailers excluded from its price protection policy and, in any event, Nationwide was not on the list of excluded stores. In paragraph fourteen of count four, the plaintiff alleges that he was a consumer who was deceived when the defendant withheld material information from him and made unsubstantiated advertising claims. In paragraph fifteen of count four, the plaintiff alleged this conduct constitutes "unfair or deceptive acts and/or practices and/or conduct in its trade, business or commerce" in violation of General Statutes § 42-110b and that he has suffered money damages thereby. The plaintiff has alleged with sufficient particularity facts that give rise to his CUTPA count.
The defendant suggests that the Connecticut Supreme Court has concluded that a single, isolated transaction does not constitute a violation of CUTPA and relies upon Jacobs v. Healey-FordSubaru, Inc., supra. In Jacobs, the Connecticut Supreme Court considered a case involving a purchase of a used car and an alleged wrongful repossession and resale. The trial court, adopting the findings of an attorney trial referee, rejected the plaintiff's claim that the defendant's failure to comply with statutory notice provisions before resale of the plaintiff's car violated CUTPA. Jacobs v. Healey Ford-Subaru, supra,231 Conn. 717. The Supreme Court stated: "The referee concluded, on the basis of his unchallenged factual findings, that the defendant's statutory noncompliance was not, in fact, unfair, deceptive or oppressive . . . The repossession in issue appears to have been an isolated instance of misinterpretation by the defendant of its obligations due to the unique circumstances of this particular case as distinguished from unfair or deceptive acts or practices CT Page 1075 in the defendant's trade or business. In light of the referee's implicit finding that the defendant's conduct was not in fact unfair, deceptive, or oppressive, we conclude that the plaintiff has not established her CUTPA claim." (Citations omitted; internal quotation marks omitted.) Id., 729. While the Supreme Court noted that the defendant's failure to comply with its statutory obligations was an isolated incident, the court made its ruling based upon the referee's finding that the defendant's conduct was not "unfair, deceptive or oppressive." Unlike the circumstances in Jacobs, the plaintiff has sufficiently stated a cause of action based upon deceptive conduct.
Even if the court assumes that the plaintiff has not alleged more than a single, isolated transaction, the plaintiff has stated a cause of action under CUTPA. The court, Hennessey, J., has previously held that alleging a single act is sufficient to sustain a cause of action for a CUTPA violation. See Nathan v.Marcinkeviciene, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 560919 (March 7, 1997) (Hennessey, J.); Hernandez v. King, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 536321 (January 29, 1996) (Hennessey J.) (16 CONN. L. RPTR. 65);P G Enterprises v. SKW Real Estate, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539728 (March 27, 1995) (Hennessey, J.). The defendant has presented no reason for the court to depart from its previous holdings on this issue.
The plaintiff has alleged facts sufficient to state a cause of action for intentional misrepresentation and a violation of CUTPA. Accordingly, the court denies the defendant's motion to strike counts one and four of the amended complaint.
Hennessey, J.