******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LUIS FLORES *v.* COMMISSIONER OF CORRECTION
(AC 36236)

Beach, Prescott and Foti, Js.

*Argued October 27—officially released December 16, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Cameron R. Dorman*, assigned counsel, for the appellant (petitioner).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Luis Flores, appeals following the habeas court's denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court (1) abused its discretion by denying certification to appeal, and (2) improperly concluded that the petitioner failed to establish that defense counsel in his underlying criminal trial rendered ineffective assistance by failing to move for a mistrial. We dismiss the appeal.

The following facts and procedural history, as taken from the petitioner's direct appeal and adopted by the habeas court, are relevant in this appeal. After a jury trial, "[the] jury found the [petitioner] . . . guilty of kidnapping in the first degree in violation of General Statutes §§ 53a-92 (a) (2) (B) and 53a-8 (a), robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-8 (a), conspiracy to commit robbery in the first degree in violation of § 53a-134 (a) (4) and General Statutes § 53a-48 (a), burglary in the second degree in violation of General Statutes (Rev. to 2003) § 53a-102 (a) (2) and § 53a-8 (a), conspiracy to commit burglary in the second degree in violation of General Statutes (Rev. to 2003) § 53a-102 (a) (2) and § 53a-48 (a), and two counts of larceny in the third degree in violation of General Statutes (Rev. to 2003) § 53a-124 (a) (1) and § 53a-8 (a). The trial court rendered judgment in accordance with the jury verdict and sentenced the [petitioner] to a total effective sentence of sixteen years imprisonment. . . .

"The jury reasonably could have found the following facts. At approximately 6 a.m. on August 13, 2004, the [petitioner], together with Luis Vega and Jorge Marrero, entered the apartment of Madeline Garay . . . . After entering the apartment, the three men proceeded to the bedroom where Garay and her boyfriend, Carlos Ortiz, were sleeping. . . . The [petitioner] awakened Garay by tapping her on the shoulder with a gun and whispering, '[where's] the money . . . ?' Garay, fearing for her life, responded in a loud voice that there was no money. . . . While the [petitioner] was attempting to cover her mouth, Garay recognized the [petitioner's] voice and a distinctive roll of fat on the back of his neck. She called out his name to see if it was him, and the [petitioner] immediately responded and told her, 'don't worry, we're not going to hurt you.' He then turned to Vega and Marrero and said: 'Fuck it. She . . . know[s] who we are.' . . .

"The [petitioner], Vega and Marrero left the apartment as soon as they had finished searching the bedroom, taking with them Garay's two sets of car keys, the keys to her apartment, her jewelry, and her cell phone. Once outside, the [petitioner], Vega and Marrero

drove away in Garay's two automobiles. The entire incident lasted between five and twenty minutes." (Citation omitted; footnotes omitted.) *State* v. *Flores*, 301 Conn. 77, 79–82, 17 A.3d 1025 (2011).

The petitioner appealed from his conviction to our Supreme Court, which reversed the judgment of conviction on the kidnapping charge and affirmed the conviction in all other respects. Id., 80. On August 13, 2013, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of counsel. The petitioner claimed that his trial attorney had rendered ineffective assistance by failing to move for a mistrial after Ortiz disclosed that the other individuals involved in the crime had pleaded guilty. Following a full trial, the habeas court found that counsel's failure to move for a mistrial was not prejudicial because the trial court provided the jury with a curative instruction. The habeas court denied the petition for a writ of habeas corpus. The habeas court then denied the petition for certification to appeal on the claim of ineffective assistance of counsel. This appeal followed.[1]

The following additional facts, as found by the habeas court, are relevant to this claim. During the criminal trial, Ortiz "gratuitously" testified during defense counsel's cross-examination that the "other guys" (Vega and Marrero) who had been charged in connection with the robbery had pleaded guilty.[2] The trial court instructed Ortiz to answer only the questions presented. Defense counsel asked two additional questions, and then conferred with the state and the trial court outside the presence of the jury. Both the state and defense counsel requested that the court strike the inadmissible portion of Ortiz' testimony and give a curative instruction to the jury. The trial court provided the instruction immediately after the jury re-entered the courtroom.[3]

"We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists

of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis in original; internal quotation marks omitted.) *Blake* v. *Commissioner of Correction*, 150 Conn. App. 692, 695, 91 A.3d 535, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014).

Furthermore, "[i]n a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is [a mixed question of law and fact and therefore] plenary." *Joseph* v. *Commissioner of Correction*, 153 Conn. App. 570, 575, A.3d (2014).

"As enunciated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], this court has stated: It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 313 Conn. 360, 375–76, 98 A.3d 23 (2014).

Upon review, we conclude that the habeas court properly found that the petitioner was not prejudiced by his counsel's failure to move for a mistrial. As we have long recognized, although the remedy of a mistrial is allowed under our rules of practice, it is strongly disfavored. "[A] mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of [the occurrence] a party cannot have a fair trial." (Internal quotation marks omitted.) *State* v. *Guilbert*, 306 Conn. 218, 270, 49 A.3d 705 (2012). It is a remedy that is, as the habeas court described, "draconian," and one that is addressed to "the sound discretion of the

trial court and is not to be granted except on substantial grounds." (Internal quotation marks omitted.) *State* v. *Reilly*, 141 Conn. App. 562, 568, 61 A.3d 598 (2013).

The use of curative actions, such as those adopted by the trial court in this case, are highly encouraged. "If curative action can obviate the prejudice, the drastic remedy of a mistrial should be avoided." (Internal quotation marks omitted.) *State* v. *Guilbert*, supra, 306 Conn. 270. In the present case, the curative action taken by the trial court was sufficient to remedy any prejudice which might have been suffered by Ortiz' unsolicited testimony regarding the guilty pleas of Vega and Marrero. The trial court provided explicit curative instructions immediately following the testimony, and reiterated in its final instructions that stricken testimony should not be considered. Absent evidence to the contrary, "jurors are presumed to follow the instructions that they are given." (Internal quotation marks omitted.) *State* v. *Reynolds*, 152 Conn. App. 318, 332, 97 A.3d 999, cert. denied, 314 Conn. 934, A.3d (2014). The habeas court credited defense counsel's testimony that, as a consequence of the curative instruction, the impact of Ortiz' unsolicited testimony on the jury was fleeting at best.

On the basis of our review of the record, we conclude that "the petitioner has not proven that the issues in the underlying claim are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further." *Michael G.* v. *Commissioner of Correction*, 153 Conn. App. 556, 562, A.3d (2014). We therefore conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal from the judgment denying the petitioner's amended petition for a writ of habeas corpus.

The appeal is dismissed.

In this opinion BEACH, J., concurred.

[1] In his brief and during oral argument before this court, the respondent, the Commissioner of Correction, argued that the petitioner's ineffective assistance of counsel claim is not reviewable because it was not raised in the habeas court. The respondent claims that during the habeas trial the petitioner argued only that he was prejudiced during the underlying criminal trial because Ortiz' testimony constituted a violation of *Crawford* v. *Washington*, 541 U.S. 36, 54–56, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). We disagree with the respondent's argument that the petitioner's claim was not raised at the habeas trial.

[2] Ortiz testified in part as follows:

"[Defense Counsel]: After August 13, 2004, you and Miss Garay never discussed this?

"[Ortiz]: No. After November because [the] incident happened recently with me and Madeline when she don't see me, and Madeline still speak to this past Thanksgiving. Right now to the November, that incident happened, and we don't speak no more. Until then everything was fine. *We didn't expect him to take it to trial. The same, other guys pled guilty. He's the only one that wants to go back.*

"The Court: Just answer the questions.

"[Ortiz]: I'm answering the question, Your Honor." (Emphasis added.)

[3] The court instructed the jury as follows: "Ladies and gentlemen, in

answering the last question, the witness referred to other guys, the other guys and his understanding of the disposition of their particular case or cases, and that is completely irrelevant. I am ordering it stricken. It will be stricken, and the jury is to disregard that portion of the evidence."