BRIAN NIBLACK *v.* COMMISSIONER OF
CORRECTION
(AC 23580)

Dranginis, West and McLachlan, Js.

 

Submitted on briefs October 30—officially released November 25, 2003

*Salvatore C. Adamo*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Nancy L. Chupak*, assistant state's attorney, and *Linda N. Howe*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

DRANGINIS, J. The petitioner, Brian Niblack, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that it was improper for the court to dismiss his amended petition by concluding (1) that he had defaulted procedurally and (2) that his guilty plea was knowing, intelligent and voluntary despite his claim that he was denied the right to effective assistance of counsel. In his principal brief to this court, the petitioner failed to address whether the habeas court abused its discretion in denying his petition for certification to appeal. We therefore dismiss the appeal.

The petitioner was sentenced to no more than fifty years in the custody of the respondent commissioner of correction (commissioner) for having committed a

number of separate crimes in New Haven and Milford. The procedural path he has taken to reach this court is tortuous. We refer to the relevant facts found by the habeas court in its well researched and well reasoned memorandum of decision.

On October 16, 1989, the petitioner sought to have his second defense attorney[1] replaced because the attorney refused to file an interlocutory appeal from the petitioner's second probable cause hearing on murder charges.[2] The trial court denied the petitioner's request, informing him that he could not file an appeal until after he was sentenced, which is the time judgment is rendered. On October 27, 1989, in the judicial district of New Haven, the petitioner pleaded guilty, pursuant to the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970),[3] to one count of murder and one count of escape from custody. The petitioner's *Alford* plea was made pursuant to a plea agreement, to wit, in return for pleading guilty, the petitioner would receive concurrent sentences for the murder and escape from custody charges, and for two charges of robbery in the first degree then pending against him in the judicial district of Ansonia-Milford. The petitioner subsequently pleaded guilty to the charges of robbery in the first degree. On December 15, 1989, in accordance with the plea agreement, the petitioner was given a total effective sentence not to exceed fifty years in the custody of the commissioner. Prior to sentencing, the petitioner did not file a motion to withdraw his guilty pleas.

[1] The petitioner was represented by three different attorneys during the course of the probable cause hearings, when he entered his guilty pleas, at sentencing and on appeal.

[2] The finding of probable cause to prosecute after the first hearing was vacated because the state failed to provide the petitioner with certain exculpatory evidence prior to the hearing.

[3] See *North Carolina* v. *Alford*, supra, 400 U.S. 25 (accused may consent voluntarily, knowingly, understandingly to imposition of prison sentence while refusing to admit participation in crime).

The petitioner filed a direct appeal from his judgments of conviction. See *State* v. *Niblack*, 220 Conn. 270, 596 A.2d 407 (1991). In his direct appeal, the petitioner claimed that he was denied a valid probable cause hearing and that the trial court improperly accepted his guilty plea because it was not knowing, intelligent and voluntary for three reasons: The court had participated in the plea process and, thus, had coerced his *Alford* plea; there was no factual basis that he had acted with the requisite intent to commit murder; and the court failed to keep a promise made to him as part of the plea agreement. Id., 274–75. Our Supreme Court affirmed the petitioner's convictions because (1) he had waived his right to appeal any nonjurisdictional irregularities in the probable cause hearing by entering a nonconditional plea of guilty; id., 275–77; and (2) at trial, he failed to raise any of the reasons for which he claimed that his plea was not knowing, intelligent and voluntary. Id., 277–78. Although the petitioner asked that his claim concerning his plea be reviewed pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), our Supreme Court concluded that his claims were not of constitutional magnitude and that he therefore had failed to meet the second prong of *Golding*.[4] See *State* v. *Niblack*, supra, 281.

In July, 1996, the petitioner, acting pro se, filed a petition for a writ of habeas corpus, which later was consolidated with a petition he filed in December, 1996. The petitioner alleged that he had been denied the con-

---

[4] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

stitutional right to the effective assistance of counsel because counsel failed (1) to communicate in a manner so that the petitioner understood the consequences of his plea agreement, (2) to research the effect the petitioner's plea agreement had on his right to appeal and (3) to advise him of the option of entering a conditional plea of nolo contendere.

In response to the amended petition, the commissioner asserted that the petitioner had failed to allege and to demonstrate both cause and prejudice arising from the failure to raise the constitutional claim in the trial court and on appeal.[5] The petitioner replied that the procedural defaults at trial and on appeal were the result of ineffective assistance of counsel, governmental interference with his right to raise the issues and prosecutorial misconduct.[6] With regard to the petitioner's claim that he was denied the constitutional right to the effective assistance of counsel, the habeas court concluded that the petitioner had failed to sustain his

[5] A petitioner who raises a constitutional claim for the first time in a habeas corpus proceeding must show (1) cause for the procedural default, i.e., the reason for failing to raise the claim at trial or on direct appeal, and (2) prejudice from the alleged constitutional violation. *Wainwright* v. *Sykes*, 433 U.S. 72, 90–91, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). When a petitioner fails to make the required showing, a court will not reach the merits of his claim. *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991).

The United States Supreme Court stated in adopting the cause and prejudice standard that "[a] State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack. . . . [Such rules afford] . . . the opportunity to resolve the issue shortly after trial, while evidence is still available both to assess the defendant's claim and to retry the defendant effectively if he prevails in his appeal. . . . This type of rule promotes not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case." (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 134, 629 A.2d 413 (1993), quoting *Murray* v. *Carrier*, 477 U.S. 478, 490–91, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

[6] The court found that there was no evidence to support the petitioner's claim of governmental interference and prosecutorial misconduct.

burden to demonstrate both the cause of his failure to challenge the constitutionality of his guilty plea at trial[7] and on appeal,[8] and the prejudice that resulted therefrom.

More specifically, the court found that at the petitioner's sentencing, his attorney had indicated to the trial court that the evidence the state would present at trial was overwhelming, although the petitioner claimed the shooting at issue was in self-defense. Furthermore, on direct appeal, the petitioner had attacked the probable cause hearing on three grounds, all of which were of an evidentiary nature. The court concluded, as a matter of law, that the petitioner had failed to demonstrate that there was a reasonable probability that he would prevail on any of his probable cause claims. With respect to the petitioner's claim that his attorney had failed to advise him of his option to enter a conditional plea of nolo contendere, the court credited the testimony of his attorney, i.e., that the plea agreement with the state precluded the petitioner from entering a conditional plea.

The court also concluded that the petitioner had failed to show cause and prejudice as a result of the

---

[7] Practice Book § 721, now § 39-27, provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . . (4) The plea resulted from the denial of effective assistance of counsel . . . ."

[8] "Our case law holds that [a] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of ineffective assistance." (Internal quotation marks omitted.) State v. Nelson, 67 Conn. App. 168, 177, 786 A.2d 1171 (2001).

procedural default and denied the petition for a writ of habeas corpus. The petitioner filed a petition for certification to appeal to this court, which the habeas court denied, and the petitioner appealed to this court.

The commissioner, in his appellate brief, has argued that we should not reach the merits of the appeal because the petitioner, in his principal brief, failed to address the court's denial of his petition for certification to appeal, which is a threshold issue. The petitioner, in his reply brief, however, addressed the denial of his petition for certification to appeal. The appellate courts of this state have often held that an appellant may not raise an issue for the first time in a reply brief. See *State* v. *Wilson*, 242 Conn. 605, 607–608 n.5, 700 A.2d 633 (1997); *State* v. *Edward B.*, 72 Conn. App. 282, 302 n.12, 806 A.2d 64, cert. denied, 262 Conn. 910, 810 A.2d 276 (2002). An appellant's claim must be framed in the original brief so that it can be "responded to by the appellee in its brief, and so that we can have the full benefit of that written argument." (Internal quotation marks omitted.) *Kelley* v. *Tomas*, 66 Conn. App. 146, 164, 783 A.2d 1226 (2001). We decline to consider the argument concerning this matter in the petitioner's reply brief. See *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7–8, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002).

We conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, and, further, that he has failed to sustain his threshold burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995);

see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

In this opinion the other judges concurred.