# BRIAN NIBLACK *v.* COMMISSIONER OF CORRECTION
## (AC 31352)

Gruendel, Beach and Robinson, Js.

Argued October 24—officially released December 13, 2011

*James B. Streeto*, assistant public defender, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Brian Niblack, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was involved in a shooting incident in 1987. As recounted by our Supreme Court in the petitioner's direct appeal, "[o]n the morning of June 11, 1987, Dean Allen, the son of the murder victim, James Allen, had become involved in a fight with Harvey Ward on Eastern Circle in New Haven. Later in the day, Ward telephoned the [petitioner], who did not reside on Eastern Circle, to come to the area. The [petitioner], Ward and two other individuals arrived at Eastern Circle and found a fight taking place between Dean Allen and Derrick Gillian. The victim was attempting to break up the fight when the [petitioner] displayed a gun, which he fired several times into the air. The victim told the [petitioner] to put the gun away and, as the victim stepped toward him, the [petitioner] leveled the gun and fired one shot striking the victim in the heart. The victim died as a result of this wound." *State* v. *Niblack*, 220 Conn. 270, 274, 596 A.2d 407 (1991).

The petitioner thereafter was charged with murder in violation of General Statutes § 53a-54a, escape from custody in violation of General Statutes § 53a-171 and kidnapping in violation of General Statutes §§ 53a-92 (a) (2) (B) and 53a-8. Prior to trial, the petitioner pleaded guilty, pursuant to the *Alford* doctrine,[1] to the charges of murder and escape from custody. In accordance with the terms of his plea agreement, the petitioner was sentenced to fifty years incarceration. He subsequently appealed directly from the judgments of conviction, which our Supreme Court affirmed. Id., 270.

In 1996, the petitioner filed a petition for a writ of habeas corpus predicated on the alleged ineffective assistance of trial counsel. In that petition, he alleged that counsel failed (1) to communicate in a manner so that the petitioner understood the consequences of his plea agreement, (2) to research the effect of the petitioner's plea agreement on his right to appeal and (3) to advise him of the option of entering a conditional plea of nolo contendere. Following a trial, the habeas court rejected those claims and denied the petition. The petitioner then filed a petition for certification to appeal to this court, which the habeas court denied.

In appealing from that judgment to this court, the petitioner claimed that the habeas court improperly determined that he had defaulted procedurally and that his guilty plea was knowing, intelligent and voluntary. In the introductory paragraph of the opinion dismissing that appeal, this court noted that the petitioner in his

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558 n.2, 941 A.2d 248 (2008).

principal appellate brief "failed to address whether the habeas court abused its discretion in denying his petition for certification to appeal." *Niblack* v. *Commissioner of Correction*, 80 Conn. App. 292, 293, 834 A.2d 779 (2003), cert. denied, 267 Conn. 916, 841 A.2d 219 (2004). Although we next stated that we "therefore dismiss the appeal"; id.; our discussion did not end there. Rather, this court proceeded to detail "the relevant facts found by the habeas court in its well researched and well reasoned memorandum of decision." Id., 294. We next outlined the specific legal conclusions reached by the court underlying its denial of the petition for a writ of habeas corpus, stating: "[T]he habeas court concluded that the petitioner had failed to sustain his burden to demonstrate both the cause of his failure to challenge the constitutionality of his guilty plea at trial and on appeal, and the prejudice that resulted therefrom. More specifically, the court found that at the petitioner's sentencing, his attorney had indicated to the trial court that the evidence the state would present at trial was overwhelming, although the petitioner claimed the shooting at issue was in self-defense. Furthermore, on direct appeal, the petitioner had attacked the probable cause hearing on three grounds, all of which were of an evidentiary nature. The court concluded, as a matter of law, that the petitioner had failed to demonstrate that there was a reasonable probability that he would prevail on any of his probable cause claims. With respect to the petitioner's claim that his attorney had failed to advise him of his option to enter a conditional plea of nolo contendere, the court credited the testimony of his attorney, i.e., that the plea agreement with the state precluded the petitioner from entering a conditional plea. The court also concluded that the petitioner had failed to show cause and prejudice as a result of the procedural default and denied the petition for a writ of habeas corpus." Id., 296–98.

Our analysis then returned to the issue of the petitioner's failure to address the court's denial of his petition for certification to appeal in his principal brief. Although the petitioner addressed this issue in his reply brief, we explained that "an appellant may not raise an issue for the first time in a reply brief. . . . An appellant's claim must be framed in the original brief so that it can be responded to by the appellee in its brief, and so that we can have the full benefit of that written argument."[2] (Citations omitted; internal quotation marks omitted.) Id., 298. We then stated that we would not consider that portion of the petitioner's reply brief. Id.

Admittedly, our prior opinion contains a cursory analysis. It nevertheless remains that this court, in resolving the appeal before it, articulated two distinct conclusions with respect to the petitioner's appeal. As we stated in the final paragraph of our opinion: "We conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, *and, further,* that he has failed to sustain his threshold burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been done." (Emphasis added.) Id. We thus dismissed the appeal and our Supreme Court thereafter denied the petition for certification to appeal therefrom. *Niblack* v. *Commissioner of Correction,* 267 Conn. 916, 841 A.2d 219 (2004).

On December 1, 2005, the petitioner commenced a second habeas action. It contained one count alleging

---

[2] We note that the record before us contains a copy of the appellate brief filed by the respondent, the commissioner of correction, in the petitioner's prior habeas appeal. In that brief, the respondent did in fact brief the issue of whether the habeas court abused its discretion in denying the petitioner's petition for certification to appeal, a point emphasized by the respondent in this appeal.

ineffective assistance of habeas appellate counsel stemming from counsel's failure to address the habeas court's denial of his petition for certification to appeal in his principal brief. On May 1, 2009, the petitioner moved for summary judgment, and the respondent, the commissioner of correction, on June 4, 2009, filed a cross motion for summary judgment. The court heard argument on the matter on June 26, 2009, at the conclusion of which it rendered an oral decision denying the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal to this court, and this appeal followed.

As a threshold matter, the petitioner claims that the court abused its discretion in denying the petition for certification to appeal. To prevail, he must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). For two reasons, we conclude that the petitioner has not met that substantial burden.

First and foremost is this court's decision in the petitioner's prior habeas appeal. It bears repeating that the court held that "the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right . . . ." *Niblack* v. *Commissioner of Correction*, supra, 80 Conn. App. 298. Although the petitioner would have us treat that distinct determination as mere surplusage, we decline to do so. In resolving that appeal, this court expressly credited the "well researched and well reasoned memorandum of decision" of the habeas court. Id., 294. We then set forth the legal reasoning underlying that court's rejection of the merits of the petitioner's claims before ulti-

mately concluding that the petitioner had not established a constitutional violation. Tellingly, the petitioner's subsequent petition to our Supreme Court for certification to appeal contained two "[q]uestions [p]resented for [r]eview: (1) Did the Appellate Court abuse its discretion by finding that [the] [p]etitioner's state and federal constitutional rights were not violated? (2) Did the Appellate Court err in dismissing [the] [p]etitioner's appeal since the denial of his petition for certification was not argued in his main brief but rather in the reply brief?"[3] That petition plainly evinces an understanding that this court's holding in *Niblack* v. *Commissioner of Correction*, supra, 292, was twofold.

Even if this court had not already held that the petitioner in his prior habeas appeal failed to make a substantial showing that he was denied a state or federal constitutional right, the petitioner still could not prevail. We carefully have reviewed the entire record, which includes numerous transcripts from both habeas proceedings, and the briefs before us. That review convinces us that the petitioner would not have prevailed on appeal if his counsel had addressed the denial of certification issue in his principal appellate brief. Accordingly, we conclude that the petitioner has not satisfied his burden of demonstrating "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[3] A copy of that petition for certification to appeal was submitted to the habeas court in this case by the respondent in support of her motion for summary judgment.