******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEROMIE THORPE *v.* COMMISSIONER
OF CORRECTION
(AC 35518)

Sheldon, Keller and Mullins, Js.

*Argued March 15—officially released May 24, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Deren Manasevit*, assigned counsel, with whom, on
the brief, were *Paul R. Kraus*, assigned counsel, and
*Michael Zariphes*, assigned counsel, for the appellant
(petitioner).

*Marjorie Allen Dauster*, senior assistant state's attor-
ney, with whom, on the brief, were *Gail P. Hardy*,
state's attorney, and *Jo Anne Sulik*, supervisory assis-
tant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In this appeal from the habeas court's denial of his petition for writ of habeas corpus, the petitioner, Jeromie Thorpe, claims that the habeas court erred in finding that he was procedurally defaulted from raising his claim that his prior habeas counsel rendered ineffective assistance in failing to timely file a fourth amended petition where the respondent, the Commissioner of Correction, failed to allege procedural default as a special defense. Following the denial of his petition for writ of habeas corpus, the petitioner requested certification to appeal, which the court denied.

"Faced with a habeas court's denial of a petition for certification to appeal [under § 52-470 (g)],[1] a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the *underlying claim* involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 4, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002).

Here, the petitioner did not allege that the habeas court's denial of his petition for certification to appeal constituted an abuse of discretion until he filed his reply brief. We do not consider claims raised for the first time in a reply brief. See *Rathbun* v. *Health Net of the Northeast, Inc.*, 315 Conn. 674, 703–704, 110 A.3d 304 (2015). "The petitioner [thus] cannot obtain appellate review under § 52-470 [g] because certification to appeal has been denied and he has failed to meet the first prong of *Simms* by demonstrating that the habeas court abused its discretion in denying certification to appeal to challenge the issues raised in the habeas corpus petition." *Mitchell* v. *Commissioner of Correction*, supra, 68 Conn. App. 9–10.

The appeal is dismissed.

[1] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is

unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."