******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROBERT GOGUEN *v.* COMMISSIONER OF
CORRECTION
(AC 41339)

DiPentima, C. J., and Alvord and Moll, Js.

*Syllabus*

The petitioner, who had been convicted on a plea of guilty of the crime of
sexual assault in the second degree, sought a writ of habeas corpus,
claiming that he did not voluntarily enter his guilty plea and that he
received ineffective assistance of counsel in connection with his guilty
plea. Pursuant to the applicable rule of practice (§ 23-24 [a]), the habeas
court declined to issue the writ because, at the time of filing, the peti-
tioner was not in the custody of the respondent, the Commissioner of
Correction. Thereafter, the court denied the petition for certification to
appeal, and the petitioner appealed to this court. *Held* that because the
petitioner failed to address the threshold question of whether the habeas
court abused its discretion in denying his petition for certification to
appeal, he was not entitled to appellate review and this court declined
to review his claims on appeal.

Argued December 10, 2019—officially released January 28, 2020

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Oliver, J.*, rendered judgment declining to
issue a writ of habeas corpus; thereafter, the court
granted the petitioner's motion for reconsideration but
denied the relief requested; subsequently, the court
denied the petition for certification to appeal, and the
petitioner appealed to this court. *Appeal dismissed.*

*Robert Goguen*, self-represented, the appellant (peti-
tioner).

*James A. Killen*, senior assistant state's attorney,
with whom, on the brief, was *Davis S. Shepak*, state's
attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Robert Goguen, appeals, following the denial of his petition for certification to appeal, from the judgment of the habeas court declining to issue a writ of habeas corpus. Although the petitioner raises a variety of substantive claims with respect to his underlying conviction on appeal, he has failed to brief the threshold issue of whether the habeas court abused its discretion in denying his petition for certification to appeal. Accordingly, we dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our conclusion. On September 6, 1996, the petitioner pleaded guilty to one count of sexual assault in the second degree in violation of General Statutes (Rev. to 1995) § 53a-71 (a) (3). In accordance with his guilty plea, the petitioner was sentenced to ten years of incarceration, execution suspended after four years, followed by five years of probation. On April 11, 2017, the self-represented petitioner filed a petition for a writ of habeas corpus wherein he alleged that (1) he did not voluntarily enter his guilty plea, and (2) he received ineffective assistance of counsel in connection with his guilty plea.

On April 18, 2017, pursuant to Practice Book § 23-24 (a) (1),[1] the habeas court declined to issue the writ because "[a]t the time of filing . . . the petitioner was not in the custody of the [Commissioner of Correction]." On December 20, 2017, the petitioner filed a motion for reconsideration. The court subsequently granted his motion and, after reconsideration, followed its original ruling declining to issue the writ. On January 11, 2018, the petitioner filed a petition for certification to appeal. The court denied his petition, and this appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment

of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750–51, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

Our review of the petitioner's briefing to this court indicates that he has failed to brief the threshold question of whether the habeas court abused its discretion in denying his petition for certification to appeal. Under these circumstances, we have repeatedly determined that a petitioner who has failed to brief this issue is not entitled to appellate review. See, e.g., *Cordero* v. *Commissioner of Correction*, 193 Conn. App. 902, 215 A.3d 1282, cert. denied, 333 Conn. 944, 219 A.3d 374 (2019); *Thorpe* v. *Commissioner of Correction*, 165 Conn. App. 731, 733, 140 A.3d 319, cert. denied, 323 Conn. 903, 150 A.3d 681 (2016); *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 8, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002); *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). Because the petitioner has failed to meet the first prong of *Simms* by demonstrating that the denial of his petition for certification to appeal constituted an abuse of discretion, we decline to review his claims on appeal.

The appeal is dismissed.

[1] Practice Book § 23-24 provides in relevant part: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that: (1) the court lacks jurisdiction . . . ."