******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

TIMOTHY SOLEK *v.* COMMISSIONER
OF CORRECTION
(AC 43288)

Bright, C. J., and Moll and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder and sexual
assault in the second degree, sought a second writ of habeas corpus,
claiming that his trial counsel had rendered ineffective assistance, and
the habeas court rendered judgment dismissing the petition. Thereafter,
the habeas court denied the petition for certification to appeal, and the
petitioner appealed to this court. *Held*:
1. This court declined to review the petitioner's claim that the habeas court
improperly determined that he had not established good cause for the
untimely filing of his second petition sufficient to rebut the statutory
(§ 52-470) presumption of unwarranted delay: the petitioner raised for
the first time in his reply brief the threshold issue of whether the habeas
court abused its discretion in denying his petition for certification to
appeal, rendering that claim unreviewable; moreover, even if the peti-
tioner properly had raised that threshold issue, the petitioner failed to
establish that the court abused its discretion in denying certification
to appeal, the petitioner having failed to demonstrate that the court's
conclusion that he had not demonstrated good cause for delay was
debatable among jurists of reason, a court could resolve the issue differ-
ently or the questions raised deserved encouragement to proceed fur-
ther; furthermore, the petitioner's argument that his severe mental health
issues provided good cause for the delay was unreviewable because the
record was inadequate to review such a claim, as the habeas court did
not address the issue in its memorandum of decision and the petitioner
did not filed a motion for articulation.
2. The petitioner's claims that the habeas court failed to provide him with
a meaningful opportunity to investigate and to present evidence as to
good cause for the delay in filing his petition was not reviewable on
appeal: the petitioner's claim that the court failed to provide him with
a meaningful opportunity to present evidence as to a plea offer was
unreviewable because the petitioner failed to raise that evidentiary issue
in his petition for certification to appeal; moreover, the petitioner's claim
that the court failed to provide him with a meaningful opportunity to
conduct an investigation regarding newly discovered evidence regarding
the plea offer to support good cause for delay was outside the scope
of appellate review, as the petitioner did not raise the issue at any time
before the court, request additional time from the court in which to
conduct an investigation, or include this ground in his petition for certifi-
cation to appeal, which also precluded review under *State* v. *Golding*
(213 Conn. 233).

Argued January 4—officially released March 16, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition; thereafter, the court denied the petition
for certification to appeal, and the petitioner appealed
to this court. *Appeal dismissed.*

*Robert L. O'Brien*, assigned counsel, with whom, on
the brief, was *Christopher Y. Duby*, assigned counsel,
for the appellant (petitioner).

*Jonathan M. Sousa*, deputy assistant state's attorney,
with whom, on the brief, were *John C. Smriga*, state's

attorney, and *Emily Trudeau*, assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Timothy Solek, appeals from the judgment of the habeas court dismissing as untimely, pursuant to General Statutes § 52-470 (d) and (e), his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) improperly determined that he had not established good cause for the untimely filing sufficient to rebut the statutory presumption of unwarranted delay and (2) failed to provide him with a meaningful opportunity to investigate and to present evidence as to good cause for the delay in filing his petition. We dismiss the appeal.

The following facts and procedural history are relevant. In 1999, the petitioner was convicted, following a jury trial, of murder and sexual assault in the second degree. The petitioner was sentenced to a total effective term of fifty-five years of incarceration. His conviction was affirmed on direct appeal. See *State* v. *Solek*, 66 Conn. App. 72, 91, 783 A.2d 1123, cert. denied, 258 Conn. 941, 786 A.2d 428 (2001). Thereafter, the petitioner filed his first habeas petition, alleging, inter alia, ineffective assistance of trial and appellate counsel. The habeas court, *Hon. William L. Hadden, Jr.*, judge trial referee, dismissed the petition, and this court affirmed that judgment on appeal. See *Solek* v. *Commissioner of Correction*, 107 Conn. App. 473, 488, 946 A.2d 239, cert. denied, 289 Conn. 902, 957 A.2d 873 (2008).

On June 21, 2018, the self-represented petitioner filed a second petition for a writ of habeas corpus, which is the subject of this appeal. In this petition, he alleged new claims of ineffective assistance of trial counsel. The respondent, the Commissioner of Correction, filed a motion for an order to show cause regarding whether the second petition should be dismissed as untimely pursuant to § 52-470 (d) and (e). Section 52-470 (d) provides in relevant part: "In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following . . . (2) October 1, 2014 . . . ."

At the hearing held on the respondent's motion to show cause, the petitioner, then represented by counsel, was the sole witness. He testified to his reasons for the delay, which included reliance on inaccurate advice of his habeas appellate counsel and the effect his mental health had on his ability to promptly file a second petition. In a memorandum of decision, the court found that the second habeas action was commenced after October 1, 2014, thereby triggering the statutory presumption of delay without good cause. It then concluded that the petitioner failed to demonstrate good cause to rebut the presumption of delay and dis-

missed the action. The petitioner filed a petition for certification to appeal, and the court denied the petition. This appeal followed.

I

The petitioner claims that the court erred in dismissing his petition for a writ of habeas corpus. Specifically, he argues that the court improperly concluded that no good cause existed to rebut the presumption of delay in the filing of his petition for a writ of habeas corpus. We decline to review this claim because the petitioner has not properly raised a threshold claim.

The following legal principles are relevant to our analysis. In order to obtain appellate review of the dismissal of his petition for a writ of habeas corpus when his petition for certification to appeal that dismissal was denied, the petitioner was required to satisfy the two part standard set forth by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, supra, 230 Conn. 612. "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 831, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

The respondent argues that the petitioner's claim is unreviewable because the petitioner failed to address in his main appellate brief the issue of whether the habeas court abused its discretion in denying certification to appeal. We agree.

In *Goguen* v. *Commissioner of Correction*, 195 Conn. App. 502, 504–505, 225 A.3d 977, cert. granted, 335 Conn. 925, 234 A.3d 980 (2020), this court declined to review the petitioner's claims seeking to reverse the judgment of the habeas court on the merits because the petitioner failed to satisfy the first prong of *Simms* v. *Warden*, supra, 229 Conn. 187, as a result of having "failed to brief the threshold question of whether the habeas court abused its discretion in denying his petition for certification to appeal." In the present case, the petitioner did not raise the issue of the denial of the certification to appeal until his reply brief. A claim that the habeas court abused its discretion in denying certification to

appeal when raised for the first time in a reply brief is unreviewable. "The appellate courts of this state have often held that an appellant may not raise an issue for the first time in a reply brief. . . . An appellant's claim must be framed in the original brief so that it can be responded to by the appellee in its brief, and so that we can have the full benefit of that written argument. . . . We decline to consider the argument concerning this matter in the petitioner's reply brief." (Citations omitted; internal quotation marks omitted.) *Niblack* v. *Commissioner of Correction*, 80 Conn. App. 292, 298, 834 A.2d 779 (2003), cert. denied, 267 Conn. 916, 841 A.2d 219 (2004); id. (declining to consider claim that habeas court abused its discretion in denying certification to appeal when raised for first time in reply brief); see also *Thorpe* v. *Commissioner of Correction*, 165 Conn. App. 731, 733, 140 A.3d 319 (petitioner cannot obtain appellate review of claim raised for first time in reply brief that habeas court abused its discretion in denying certification to appeal), cert. denied, 323 Conn. 903, 150 A.3d 681 (2016).

Furthermore, even if the petitioner properly had raised the threshold issue, we nonetheless would conclude that the petitioner failed to establish that the court abused its discretion in denying certification to appeal. The petitioner's underlying claim concerns the good cause standard enumerated in § 52-470. See *Blake* v. *Commissioner of Correction*, 150 Conn. App. 692, 695, 91 A.3d 535 (examination of underlying merits necessary when determining if habeas court abused discretion in denying certification to appeal), cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014). "[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay." *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 34,    A.3d    (2020), cert. granted, 336 Conn. 912,    A.3d    (2021). A decision of a habeas court regarding good cause under § 52-470 is reviewed for abuse of discretion. Id., 38.

The court determined that the petitioner had not demonstrated good cause for the delay because, even if it found credible the petitioner's testimony that counsel gave incorrect advice,[1] it was not credible that, within the six years between the giving of the advice sometime in 2008, and the deadline for filing his second petition on October 1, 2014, the petitioner would not have discovered that the advice was incorrect. The court further noted that the petitioner's filing of a federal civil rights action demonstrates that he had the ability to find information regarding legal remedies available to him. We defer to and are bound by the court's assessment of the petitioner's credibility. See *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007); see also *Coleman* v. *Commissioner of Correction*, 202

Conn. App. 563, 575,      A.3d      (2021). The petitioner has not demonstrated that the court's conclusion that he has not demonstrated good cause for delay is debatable among jurists of reason, that a court could resolve the issue differently or that the questions raised deserve encouragement to proceed further. See *Owens* v. *Commissioner of Correction*, supra, 63 Conn. App. 831.

Moreover, the petitioner's additional argument that his "severe mental health issues" provided good cause for the delay in filing his second habeas petition is unreviewable because the record is inadequate to review such a claim.[2] The court did not address this issue in its memorandum of decision, and the petitioner did not file a motion for articulation. Practice Book § 61-10 (b) provides in relevant part: "The failure of any party on appeal to seek articulation pursuant to Section 66-5 shall not be the sole ground upon which the court declines to review any issue or claim on appeal. . . ." The commentary to § 61-10 states that "[t]he adoption of subsection (b) is not intended to preclude the court from declining to review an issue where the record is inadequate for reasons other than solely the failure to seek an articulation, such as, for example, the failure to procure the trial court's decision pursuant to Section 64-1 (b) or the failure to provide a transcript, exhibits or other documents necessary for appellate review." Practice Book § 61-10, commentary. Any meaningful review of this issue is further frustrated by the fact that the transcript of the good cause hearing and the court's memorandum of decision are devoid of any findings regarding the impact of the petitioner's mental health status on his ability to timely file his second habeas petition. See, e.g., *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 342, 888 A.2d 1131 (record was inadequate to review petitioner's argument where court's decision was devoid of any findings or analysis on issue and petitioner did not seek articulation), cert. denied, 277 Conn. 924, 895 A.2d 796 (2006).

II

The petitioner also claims that the court improperly dismissed his petition for a writ of habeas corpus following the show cause hearing without providing him with a meaningful opportunity to (a) present evidence as to a plea offer and (b) conduct an investigation regarding that newly discovered evidence to support good cause for delay. We decline to review these claims.

Section 52-470 (e) provides: "In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has

not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section."

### A

At the show cause hearing, the petitioner testified that his first habeas counsel had informed him that his codefendant in the underlying criminal trial, who had prevailed on direct appeal, was offered by the state a term of forty-five years of incarceration in exchange for a guilty plea on remand. The petitioner further testified that he had asked his first habeas counsel to inquire whether the state would offer him the same plea deal if he were to withdraw his then pending habeas petition. When the petitioner's counsel then asked at the show cause hearing whether his first habeas counsel ever reported that the state had made an offer, counsel for the respondent objected on the ground of relevancy. The petitioner's counsel argued that after he had been appointed to the case, he discovered new evidence of an e-mail from the petitioner's first habeas counsel indicating that there had been such an offer made. The court sustained the objection and did not permit the petitioner to testify regarding any plea offers made to him by the state prior to his first habeas trial. The court ruled that the hearing was limited to whether good cause existed for the delay in bringing the second habeas action, which was premised on ineffective assistance of trial counsel, and that the issue of whether the petitioner had colorable claims that were not alleged in the operative petition was not a proper line of inquiry at the show cause hearing.

We decline to review this claim because the petitioner failed to raise the evidentiary issue in his petition for certification to appeal.[3] In his petition, the petitioner set forth the following grounds for requesting certification to appeal to this court: "The trial court erred in its dismissal of the petitioner's petition for writ of habeas corpus; any and all other grounds as determined after a review of the file and transcripts."

"We review only the merits of claims specifically set forth in the petition for certification to appeal. . . . This court has declined to review issues in a petitioner's habeas appeal in situations where the habeas court denied certification to appeal and the issues on appeal had not been raised in the petition for certification. . . . A habeas petitioner cannot establish that the habeas court abused its discretion in denying certification on issues that were not raised in the petition for certification to appeal. . . . [S]ee also *Pereira* v. *Commissioner of Correction*, 176 Conn. App. 762, 775, 171

A.3d 105 (because it is impossible to review exercise of discretion that did not occur, Appellate Court confined to reviewing only those issues which had been brought to attention of habeas court in petition for certification to appeal), cert. denied, 327 Conn. 984, 175 A.3d 43 (2017); *Ouellette* v. *Commissioner of Correction*, 159 Conn. App. 854, 858 n.2, 123 A.3d 1256 (use of broad language in petition for certification to appeal does not serve as basis for this court to consider claims not raised specifically in petition), cert. denied, 320 Conn. 907, 128 A.3d 952 (2015); *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011) (consideration of issues not distinctly raised in petition for certification would amount to ambuscade of habeas judge)." (Citations omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, supra, 202 Conn. App. 569–70. It is axiomatic that we cannot determine whether the court abused its discretion in denying certification on an issue that was never raised in the petition for certification. Therefore, we decline to review the petitioner's evidentiary claim because it was not specifically raised in his petition for certification.

B

The petitioner also argues that the court deprived him of a meaningful opportunity to investigate newly discovered evidence regarding the alleged plea offer made by the state. This claim is outside the scope of appellate review.

The petitioner did not raise this issue at any time before the habeas court. He did not request additional time from the court in which to conduct an investigation, either by way of motion prior to the show cause hearing or verbally during the show cause hearing. Moreover, the petitioner did not include this ground in his petition for certification to appeal. The petitioner seeks review of this unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "Section 52-470 (g) conscribes our appellate review to the issues presented in the petition for certification to appeal . . . . Permitting a habeas petitioner, in an appeal from a habeas judgment following the denial of a petition for certification to appeal, to seek *Golding* review of a claim that was not raised in, or incorporated into, the petition for certification to appeal would circumvent the requirements of § 52-470 (g) and undermine the goals that the legislature sought to achieve in enacting § 52-470 (g)." (Internal quotation marks omitted.) *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 418–19, 236 A.3d 276, 286–87, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020). Therefore, we conclude that *Golding* review is unavailable to the petitioner with respect to this claim.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner testified at the show cause hearing that when he inquired as to his options if he did not prevail on appeal, his habeas appellate counsel responded that "because it's a habeas. Once you lost that, we do the appeals. If you lose that, that's your last chance." We do not agree that such advice, standing alone, is incorrect. Presumably, counsel giving such advice had reviewed the petitioner's case and pursued all issues he or she believed worthy. Consequently, it is not surprising that a diligent attorney would tell a petitioner that once his appeals were exhausted there would be nothing left to pursue in state court. Certainly, we would not expect counsel, who believed he or she had diligently represented the petitioner, to tell a disappointed petitioner that he could always sue the attorney himself or herself for ineffective assistance of counsel.

[2] The petitioner testified at the show cause hearing that he had been diagnosed with having bipolar disorder at an early age and that a death in his family, which had occurred during the pendency of his prior habeas action, exacerbated his mental health condition to the point of his being at risk for suicide. He stated that he sought mental health treatment and was prescribed various psychiatric medications. He attached to his second habeas petition a document from the Department of Correction health center dated July 3, 2014, which indicated that he also had been diagnosed with additional mental health concerns.

[3] We additionally note that the claim regarding the plea offer is based on the actions of his first *habeas* counsel, which are not the subject of the operative habeas petition, which alleges ineffective assistance of *trial* counsel.

———————————————————