******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOE BALTAS *v.* COMMISSIONER OF CORRECTION
## (AC 43836)

Prescott, Cradle and DiPentima, Js.

*Syllabus*

The petitioner, who had been sentenced to ninety-five years of incarceration, sought a writ of habeas corpus, claiming that his constitutional rights were violated when he was placed in administrative segregation. Pursuant to the applicable rule of practice (§ 23-29 (4)), the habeas court rendered judgment dismissing the petitioner's appeal as moot because the petitioner was no longer in administrative segregation. Thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that because the petitioner failed to address the threshold question of whether the habeas court abused its discretion in denying his petition for certification to appeal, he was not entitled to appellate review and this court declined to review his claims on appeal.

Argued February 16—officially released April 6, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Chaplin, J.*, denied the respondent's motion to dismiss; thereafter, the case was tried to the court; judgment dismissing the petition; subsequently, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Joe Baltas*, self-represented, the appellant (petitioner).

*Zenobia G. Graham-Days*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Clare E. Kindall*, solicitor general, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. Following the denial of his petition for certification to appeal, the self-represented petitioner, Joe Baltas, appeals from the judgment of the habeas court dismissing as moot his petition for a writ of habeas corpus. Because the petitioner failed to brief the threshold issue of whether the habeas court abused its discretion in denying his petition for certification to appeal, we dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our disposition of this appeal. The petitioner is a state prisoner currently serving a total effective sentence of ninety-five years of incarceration. On December 21, 2016, Warden Henry Falcone of the Garner Correctional Institution in Newtown initiated a request for a hearing regarding the placement of the petitioner in administrative segregation "for safety and security concerns based on his extremely violent behavior and gang influence." On December 27, 2016, the petitioner received notice that a hearing would take place on December 30, 2016, "to determine whether [his] presence in general population present[ed] a threat to the safety and security of the institutional community due to repetitive disciplinary infractions and/or involvement in a serious incident." At the hearing, both the petitioner and another inmate, Stephen Curtis, provided written statements. On January 13, 2017, the petitioner received notice that Falcone's request had been approved, and the petitioner was placed in administrative segregation. On that same date, the petitioner filed an appeal with the Department of Correction, claiming that his placement in administrative segregation was "unwarranted [and] improper." On January 30, 2017, the petitioner's appeal was denied.

On April 13, 2017, the petitioner filed a petition for a writ of habeas corpus, alleging that his constitutional rights were violated when he was placed in administrative segregation. The sole relief sought by the petitioner was his release from administrative segregation. On September 5, 2019, pursuant to a state agreement, custody of the petitioner was transferred to the Commonwealth of Massachusetts to continue his incarceration. On the same date, the respondent, the Commissioner of Correction, filed a motion to dismiss the habeas petition as moot because the petitioner was no longer in administrative segregation.

On September 11, 2019, the day that the habeas trial was scheduled to commence, the habeas court heard argument on the respondent's motion to dismiss and initially denied the motion.[1] The trial proceeded and, after its conclusion, the respondent filed a posttrial brief renewing his argument that there was no actual case or controversy because the petitioner was no longer in administrative segregation. On November 22, 2019, the

court issued a memorandum of decision. The court noted that "the petitioner [was] no longer being held in Connecticut," and concluded that "there is no actual case or controversy at issue because the petitioner is no longer in administrative segregation." For these reasons, the court dismissed the petition as moot pursuant to Practice Book § 23-29 (4). On December 12, 2019, the petitioner filed a petition for certification to appeal, which was denied by the habeas court. This appeal followed.

The petitioner claims on appeal that (1) "the [habeas] court erred in dismissing [his] petition as moot," (2) "the [habeas] court based its ruling on errors of fact," (3) "the petitioner was entitled to [a] ruling on the merits of his petition," and (4) the habeas court denied the petitioner due process. The petitioner, however, has failed to brief the threshold issue of whether the habeas court abused its discretion in denying his petition for certification to appeal. Because a petitioner who has failed to brief that issue is not entitled to further appellate review; see *Goguen* v. *Commissioner of Correction*, 195 Conn. App. 502, 505, 225 A.3d 977, cert. granted, 335 Conn. 925, 234 A.3d 980 (2020); we decline to review his claims on the merits.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Internal quotation marks omitted.) *Goguen* v. *Commissioner of Correction*, supra, 195 Conn. App. 504.

The petitioner's appellate brief does not address the threshold question of whether the habeas court abused its discretion in denying his petition for certification to appeal. By failing to demonstrate that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner has failed to satisfy the first prong of *Simms*. See *Simms* v. *Warden*, supra, 230 Conn. 612. Accordingly, we decline to review his claims

on appeal.[2]

The appeal is dismissed.

In this opinion the other judges concurred.

[1] In denying the respondent's motion to dismiss, the court stated that, although "[the petitioner is in Massachusetts' custody . . . there's been no pleading indicating that the [administrative] segregation as argued has ended. The court is stuck without enough information to make the determination that that . . . would not affect his placement in Massachusetts based on the pleadings of the record."

[2] We note that our Supreme Court has granted certification to review this court's decision in *Goguen*, specifically, to determine whether this court "properly dismiss[ed] the self represented petitioner's appeal because he failed to brief whether the habeas court had abused its discretion in denying his petition for certification to appeal . . . ." *Goguen* v. *Commissioner of Correction*, 335 Conn. 925, 234 A.3d 980 (2020). In light of that, we briefly address the merits of the dismissal by the habeas court. In short, it is apparent from the record that the habeas court properly dismissed the underlying petition as moot.

"Mootness . . . implicates subject matter jurisdiction, which imposes a duty on the [trial] court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Internal quotation marks omitted.) *Paulino* v. *Commissioner of Correction*, 155 Conn. App. 154, 160, 109 A.3d 516, cert. denied, 317 Conn. 912, 116 A.3d 310 (2015).

The habeas court concluded that it could not grant the sole practical relief that the petitioner sought—removal from administrative segregation—because the petitioner, by his own admission, was no longer in administrative segregation at the time the habeas court rendered judgment. We agree that the habeas court properly determined that, at the time it rendered judgment, the case was moot. Moreover, we disagree with the petitioner's assertion on appeal that this case falls into one of the recognized exceptions to the mootness doctrine. Accordingly, even if the petitioner had briefed the threshold question of whether the habeas court had abused its discretion by denying certification to appeal, we would still conclude that the habeas court did not abuse its discretion in denying certification because it is not debatable among jurists of reason that the habeas court properly dismissed the habeas petition as moot.