******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# LAWRENCE SIMONOFF *v.* COMMISSIONER OF CORRECTION
## (AC 45338)

Elgo, Moll and Suarez, Js.

*Syllabus*

The petitioner sought a writ of habeas corpus, alleging that his constitutional rights had been violated by the failure of the respondent, the Commissioner of Correction, to provide him with proper medical care and with direct facility transport to medical appointments. Following a trial, the habeas court rendered judgment denying the petition. Thereafter, the habeas court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the petitioner was not entitled to appellate review of his claim that the habeas court improperly denied his amended petition, as he failed to brief the threshold issue of whether the habeas court abused its discretion in denying his petition for certification to appeal.

Argued November 14—officially released December 6, 2022

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Klatt, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Lawrence N. Simonoff*, self-represented, the appellant (petitioner).

*Jacob McChesney*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Lawrence Simonoff, appeals, following the denial of his petition for certification to appeal, from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. Although the petitioner challenges the merits of the habeas court's denial of his amended petition, he has failed to brief the threshold issue of whether the habeas court abused its discretion in denying his petition for certification to appeal. Accordingly, we dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our conclusion. On March 22, 2021, the self-represented petitioner, a sentenced prisoner, filed the operative amended petition for a writ of habeas corpus wherein he alleged that his constitutional rights have been violated by the alleged failure of the Department of Correction to provide him with proper medical care and with direct facility transport to medical appointments. On January 24, 2022, following a trial, the court denied the petitioner's amended petition, concluding that "[t]he evidence fails to substantiate that the treatment [the petitioner] has received falls below what constitutional provisions guarantee." On January 31, 2022, the petitioner filed a petition for certification to appeal. The court denied his petition, and this appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750–51, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

Our review of the petitioner's briefing to this court reveals that he has failed to "expressly allege and explain in his brief how the habeas court abused its discretion in denying certification." *Goguen* v. *Commis-*

*sioner of Correction*, 341 Conn. 508, 512–13, 267 A.3d 831 (2021). Under these circumstances, we repeatedly have concluded, and our Supreme Court has agreed, that a petitioner who has failed to brief this threshold issue is not entitled to appellate review. See *Goguen* v. *Commissioner of Correction*, 195 Conn. App. 502, 505, 225 A.3d 977 (2020), aff'd, 341 Conn. 508, 267 A.3d 831 (2021); see also, e.g., *Cordero* v. *Commissioner of Correction*, 193 Conn. App. 902, 215 A.3d 1282, cert. denied, 333 Conn. 944, 219 A.3d 374 (2019); *Thorpe* v. *Commissioner of Correction*, 165 Conn. App. 731, 733, 140 A.3d 319, cert. denied, 323 Conn. 903, 150 A.3d 681 (2016); *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 8, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002); *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). As stated by our Supreme Court, "there is no exception to the requirement that a habeas petitioner must expressly allege that the habeas court abused its discretion in denying the petition for certification to appeal when the petitioner is self-represented." *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 524.

Because the petitioner has failed to meet the first prong of *Simms* v. *Warden*, supra, 230 Conn. 612, by demonstrating that the denial of his petition for certification to appeal constituted an abuse of discretion, we decline to review his claims on appeal.

The appeal is dismissed.

———————————————